# Wilgus *versus* Whitehead.

1. A verbal agreement modifying a contract under seal, is valid when such agreement is for a new consideration and not within the Statute of Frauds.

2. Where a tenant is in possession under the terms of a lease under seal, and his landlord, at the tenant's request, agrees with him to change the time of the payment of the rent from the beginning to the end of the month, the landlord will be held to have waived the strict performance of the contract, and the tenant will not be bound to pay any month's rent until the end thereof.

February 12th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas, No. 2, of *Philadelphia county*: Of January Term 1876, No. 270.

Replevin by Edwin C. Wilgus against William W. Whitehead. Defendant avowed for rent in arrear.

On May 6th 1866, Whitehead demised to Wilgus, by a lease under seal, certain premises for one year, at a monthly rental of $20, payable in advance. The lease contained a provision "that if Wilgus should continue on the premises after the termination of the contract, then this contract is to continue in full force for another year, and so on from year to year until legal notice is given for a removal."

The plaintiff remained in possession of the premises and paid the rent as usual until March 1873, when, as plaintiff alleged, and evidence was offered on his behalf to show, he had asked defendant to make a change in the terms of the lease in regard to the time for the payment of the rent for the ensuing year, so that the same should be payable at the end of the month instead of in advance, and that defendant had assented to such change.

On the 10th of April 1874, defendant distrained the plaintiff's goods for the month's rent falling due on the 6th of May, and removed the same, whence this suit. The plaintiff contended that there was no rent due at the time of this distraint.

The court, Mitchell, J., charged the jury:

" That the alleged parol agreement made in the month of March 1873, between the defendant and the wife of the plaintiff, she acting in behalf of her husband, by which the payment of the rent in advance was charged and made payable at the end of the month

[Wilgus *v.* Whitehead.]

during which the same accrued, was not sufficient to alter the terms of a sealed lease, as there was no consideration for it, the tenant being already bound by his lease for another year upon the terms of the lease.   The verdict, therefore, must be for the defendant."

The verdict was for defendant.   The plaintiffs took this writ and assigned this charge for error.

*4. L. Hennershotz*, for plaintiff in error.—The relation of landlord and tenant existing between the parties under a sealed lease is a sufficient consideration for a parol agreement: Coe *v.* Hutton, 1 S. & R. 408; Whitehill *v.* Wilson, 3 P. & W. 412; Wilhelm *v.* Caul, 2 W. & S. 26; Preston *v.* Finney, Id. 55; Lampleigh *v.* Brathwait, 1 Sm. Lead. Cas. 280; Babcock *v.* Wilson, 5 Shepley 372; Philpot *v.* Gruninger, 14 Wall. 577.

A parol agreement to change the time of the payment of the rent under a sealed lease is not such an alteration of the instrument as to destroy its character as a specialty: Jordan *v.* Cooper, 3 S. & R. 579; McCombs *v.* McKennan, 2 W. & S. 216; Lawall *v.* Rader, 2 Grant 426; Taylor *v.* Winters, 6 Phila. R. 126; McManus *v.* Cassidy, 16 P. F. Smith 263.

A tenant holding over is not required to give three months' notice of intention to quit: Cook *v.* Neilson, 10 Barr 41; Goldsmith *v.* Smith, 4 Phila. 31.

*David Tim* and *E. D. McLoughlin*, for defendant in error.— The agreement was for the benefit of the lessee alone, and was *nudum pactum*: Taylor *v.* Winters, 6 Phila. R. 126.

Mr. Justice TRUNKEY delivered the opinion of the court, March 3d 1879. ·

The lease was made on the 6th May 1866, for the term of one year from that date, with a covenant that "this contract is to continue in full force for another year, and so on, from year to year, until legal notice is given for a removal."   Rent was to be paid monthly in advance.   The lessee continued on the premises till May 1874, under said lease, as claimed by the lessor, but the lessee claims that the last year was under a parol contract.   As the cause is presented it must be considered as if the parties, in March 1873, agreed to make a change in the lease for the coming year, in regard to time for payment of rent, so that it should be payable at the end of the month, instead of in advance.   The learned judge instructed the jury that the alleged parol agreement was not sufficient ·to alter the terms of a sealed lease, as there was no consideration for it, the tenant being already bound by said lease for another year.   To that the plaintiff excepted, and the sole inquiry is, is the new agreement void for want of consideration?

That the tenant, in March 1873, was bound for another year,

commencing in the following May, is a proposition not wholly free from doubt. Perhaps it is well to leave it without now considering the effect of the judgment of the District Court in Cook v. Neilson, 10 Barr 41, that the tenant is not bound to give notice of his intention to quit, at the end of the current quarter, which was affirmed by equal division.

Verbal agreements, made between the parties, before or at the time of the execution of a written contract, are considered as merged therein, and in general are inadmissible to vary its terms. But an oral agreement, subsequently made, on a new consideration, and before the breach of the contract, in cases falling within the general rules of the common law, and not within the Statute of Frauds, may have the effect to enlarge the time of performance specified in the contract, or may vary any other of its terms, or may waive and discharge it altogether, and thus make a new contract: Emerson v. Slater, 22 Howard 28; Munroe v. Perkins, 9 Pick. 298.

In an action upon a written contract to deliver specific articles at a particular time and place, parol evidence is admissible to prove that, after the making of the original contract, the parties agreed that the articles should be delivered at a different time and place. At least such parol agreement will amount to a waiver of a tender at the time or place mentioned in the original contract: Robinson v. Bachelder, 4 N. H. 40. See McComb v. McKennan, 2 W. & S. 216; Keating v. Price, 1 Johns. Cas. 22. In these, and like cases, no consideration appears in the oral agreements, other than the mutual promise that the time or place of performance should be changed. The written contracts, thus altered, continued in force, and performance, or tender of performance, when and where orally agreed upon, was a good defence. The principle seems to be that the party entitled was held to a waiver of the performance, as required by the written contract, lest its enforcement would operate as a fraud upon the other.

The time for the performance of the condition of a sealed, as well as a simple contract, may be enlarged by parol. Indeed, the enlargement of time is nothing more than a waiver of strict performance: Dearborn v. Cross, 7 Cowen 48; Munroe v. Perkins, supra. In the latter case, the plaintiff, by an agreement under seal, had agreed to erect a building at a fixed price, which was not an adequate compensation, and having done part of the work, refused to proceed, but on an oral promise by the defendant that he should be paid for his labor and materials, and should not suffer, he went on and finished the building, and it was held that he was entitled to recover upon the parol promise in assumpsit. The court say, "The parol promise, it is contended, was without consideration. This depends entirely on the question, whether the first contract was waived. The plaintiff having refused to perform

[Wilgus *v.* Whitehead.]

that contract, as he might do, subjecting himself to such damages as the other parties might show they were entitled to recover, he afterward went on upon the faith of the new promise and finished the work. This was a sufficient consideration."

We come to the conclusion that the alleged parol agreement between Wilgus and Whitehead, was not void for want of consideration. The tenant sought more favorable terms than the written lease, to which the landlord agreed. It is presumable that this contract was the inducement for his continuing upon the premises another year. It was made before the end of the term, and the fact of making it evidences that the landlord waived notice of the tenant's intention to quit, at the end of the year, and dealt with him accordingly. Notice to quit need not be under seal, nor in writing. It may be waived; and the making a new contract is an act of waiver equivalent to its expression in very words. If the lease would have ended on the 6th of May then next, because of notice given, there could be no question of the validity of the parol contract. It was competent for the parties to contract as if the notice had been given, or as if for any cause the lease would end, and if they did so, it is bad faith for either to deny the validity of the new agreement.

Judgment reversed, and a *venire facias de novo* awarded