W. G. ANDERSON

*v.*

F. A. MOORE *et al.*

*Filed at Springfield, April 3, 1893.*

1. CONTRACT IN WRITING—*extending time of performance and payment by parol.* The time of performance of a contract in writing may be extended by a subsequent parol agreement, and no new consideration is necessary, especially when there are mutual acts to be performed by the parties. So the time of payment under a written contract may be waived.

2. SAME—*parol agreement to accelerate payment.* When the vendor of land agrees with the vendee to accept the purchase money before due and make a deed, if the latter will raise the same, such agreement is founded on a sufficient consideration, and may be enforced, although the original contract is in writing and the subsequent one is by parol.

3. CHANCERY—*process returnable to a future term—waiver of right of postponement by defendant.* Where a bill is filed during the term of court, and the process is made returnable to the next term, the defendant may waive his right to have the cause postponed till the next term and go to a hearing at the term during which the suit is brought. If he appears at such term, and then files his answer, and produces his evidence before the master, and proceeds to a hearing without objection, he will waive his right to postpone the hearing to the return term, and the court will have jurisdiction to enter a decree on the hearing.

4. MASTER'S REPORT—*immaterial omissions.* Where the master, to whom a cause is referred, to take evidence and report his conclusions, finds the tender of money due under a contract, his failure to report that the tender was kept good will be unimportant, if the record shows the money tendered was in the hands of the clerk of the court.

APPEAL from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. ROWELL, NEVILLE & LINDLEY, for the appellant:

The report of the special master and the decree of the court is based upon a supposed parol, executory contract, varying the terms of a contract under seal. In this respect the special master and the court erred. *Chapman* v. *McGrew*, 20 Ill. 101; *Hume Bros. et al.* v. *Taylor et al.*, 63 Ill. 43; *Barnett* v. *Barnes*, 73 Ill. 216.

The complainants had no right to a deed under the written contract, until five years after its date, and then only by complying with all its terms. Courts of equity will enforce contracts as made by parties, but will not make contracts for them. *Hetfield* v. *Willey*, 105 Ill. 286.

There was no parol contract in this case such as the court will enforce. The terms of the parol arrangement are in dispute. Whatever was done was without consideration, and did not amount to a contract. A contract for the sale of land can not be partly in parol and partly in writing. *Farwell* v. *Lowther*, 18 Ill. 252.

Courts of equity will not enforce contracts procured through misrepresentations. *Hale* v. *Bryant et al.*, 109 Ill. 34; *Kelly* v. *Kendall et al.*, 118 Ill. 650.

Secific performance will not be decreed until the time for making a deed has arrived, as it had not in this case. *Greenbaum* v. *Austrian*, 70 Ill. 591.

Tender must be kept good, or specific performance will not be decreed. *Stow* v. *Russell et al.*, 36 Ill. 18.

Mr. CHAS. M. PIERCE, for the appellees:

The report of the special master in chancery, and the decree of the court, is based upon the written contract of the parties, which is referred to as "Exhibit A," set forth on page 4 of the abstract of the record, and may be based upon parol agreement as claimed by counsel in the first point of their argument. The time of payment provided for in the contract had been waived by the acts of appel-

lant, and there is no question but that the time of payment in a written contract, even if under seal, may be changed by parol agreement, and this may be done without any new consideration. *Pierce* v. *Hasbrouck*, 49 Ill. 23; *Baker* v. *Whiteside*, Breese, 2d edition, 174; *Wadsworth* v. *Thompson*, 3 Gilm. 423; *Gerrish* v. *Maher*, 70 Ill. 470; *North* v. *Kiger et al.*, 72 Ill. 172; Bishop on Contracts, Sec. 773; *Morrill* v. *Colehour*, 82 Ill. 626; *Bishop* v. *Busse*, 69 Ill. 403; *Cook* v. *Murphy*, 70 Ill. 96.

The court had jurisdiction by the voluntary appearance of the defendant. *Miles* v. *Goodwin*, 35 Ill. 53.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity brought by F. A. Moore and Alice E. Moore to enjoin the prosecution of an action of forcible detainer brought by W. G. Anderson, the appellant, and for specific performance of an alleged contract for the sale of a certain lot in Colfax, McLean county.

The allegations of the bill, in substance, are that on the 18th day of March, 1890, complainants and defendant entered into a written contract, by which defendant agreed to sell to complainants lot 7, block 23, Anderson's 3d addition to Colfax, in McLean county, Ill., for $900, to be paid for in installments of $15 per month, payments to commence March 18, 1890. The contract is under seal, and provides that in case of failure to make either of the payments, or any part thereof, the defendant, Anderson, should have the option to forfeit the contract, and retain payments already made, time being of the essence of the contract.

Complainants also allege that they have always been ready and willing to comply with the terms of the contract, and under it have paid $330.50, and had put valuable improvements on the lot; but had omitted to make certain payments by agreement with Anderson, who, it is alleged, was to receive interest on deferred payments.

The bill futher alleges that about the middle of October, 1892, Anderson agreed with complainants that if they would raise the balance of the money, together with interest on deferred payments, he would receive all of the same and deliver to complainants a deed for the property. Also alleges that on ———— ————, 1892, they tendered to Anderson $570, which was all that was due, or that could become due, together with accrued interest, and demanded a warranty deed, according to the agreement, and the alleged subsequent agreement; which money was refused, and that Anderson refused to comply with the terms of this agreement; that Anderson, on November 4, 1892, commenced a suit in forcible entry and detainer to dispossess them of the property; alleges that they have the money due ready to bring into court; prays for injunction restraining the prosecution of forcible detainer suit, and for specific performance of contract.

The defendant put in an answer to the bill in which he admits the making of the original contract, but alleges failure on the part of complainants to comply with its terms; admits payment of $330.50; denies that he ever waived any of the terms of the contract; but did not claim forfeiture until notice, October 28, 1892; denies making any new contract, and says, as to the alleged conversation, that he told the parties if they wanted to keep the place as a home, and could obtain a loan to the full amount of his claim, he would accept the money; but if they were wanting a deed to sell the property he would not make a deed, but would insist on payment of all money then due, and on default would insist on strict compliance with contract.

The complainants filed a replication to the answer. The cause was referred to a special master, before whom the evidence was taken; and after taking the evidence the master filed a report, which was in the main approved, and a decree rendered in favor of complainants, according to the prayer of the bill.

The bill in this case was filed on the 10th day of November, during the November term of the Circuit Court of McLean County; upon filing the bill process was issued returnable to the February term, 1893. On the 12th day of November the summons was served on the defendant, W. G. Anderson, and on the same day he appeared and filed an answer to the bill; replication was immediately filed, and the cause was at once referred to a special master to take proofs. The parties appeared before the master, and the evidence was taken; and on the 17th day of December, the court still being in session, the master's report was filed. A hearing was had and a decree entered. It is now claimed that the court had no jurisdiction to hear and determine the case at its November term. As the process was made returnable at the February term, 1893, it may be conceded that a hearing before the return day of the process could not be had without the consent of the defendant. But the defendant could waive process, file an answer, and go to trial at any time, whether the return day for the summons had arrived or not; his appearance conferred jurisdiction of the person, and as the court had jurisdiction of the subject matter, it had full authority to go on and hear and determine the case. When the defendant appeared and answered the bill, produced his evidence before the master, and proceeded with the hearing before the court, he waived the right to postpone the hearing to a subsequent term, and the objection now made that the court had no jurisdiction comes too late.

The written contract under which the complainants purchased the lot in question was dated March 18, 1890; it provided for the payment of $900 purchase money, as follows: $15 on the 18th day of March, 1890, and $15 on the 18th of each month thereafter, until the whole sum should be paid, with eight per cent interest per annum after due, on any payment remaining from time to time unpaid. From

5—145 ILL.

the date of the contract down to the fall of 1892 the complainants had paid on the contract, as shown by the credits endorsed thereon, $330.50; in addition to this there had been paid several sums of interest on deferred payments, which do not appear credited on the contract. It will be observed that the time provided in the written contract for a deed had not expired when the bill was filed, but to obviate this difficulty it was charged in the bill that in October, 1892, the defendant agreed with the complainants that if they would raise the balance of the money and interest on deferred payments he would accept the money and deliver complainants a deed for the property. The defendant in his answer concedes that he agreed with the parties that he would accept the whole amount of the purchase money called for in the contract, and make them a deed; but he did so on condition that they would keep the place as a home, and not sell it to some other party. We think that the fair preponderance of the evidence is that the defendant did agree to accept the purchase money and execute a deed without any conditions, and the only question is whether the written contract between the parties can be changed by a subsequent parol agreement.

The time of performance of a contract in writing may be extended by a subsequent parol agreement, and no new consideration is necessary, especially where there are mutual acts to be performed by the parties. *Baker* v. *Whiteside,* Breese, 174; *Wadsworth* v. *Thompson,* 3 Gilm., 423; *North* v. *Kiger,* 70 Ill. 173. If the time of performance may be extended, we see no reason why the time of payment may not be waived; and that was the effect of what the defendant did in this case. In consideration that the complainants would raise the entire amount of the purchase money, which in the main was not then due, the defendant agreed to waive that provision in the contract which provided for the payment at a future day, and then accept the money and make a deed. The agreement was supported by a sufficient con-

sideration, and we see no reason why it might not properly be enforced in this case. It is also said the amount decreed defendant was insufficient. The special master from all the evidence found there was remaining due on the contract $531.73; this was excepted to, and the Circuit Court held, as $570 had been tendered, the complainants were concluded by the tender, and decreed that they should pay that amount. From an examination of the evidence, we think this fully covers all that was due on the contract.

Objection is made that there is no finding of the master that the tender was kept good. As we understand the record, the money tendered was in court in the hands of the clerk; under such circumstances, whether the master made any finding on the subject was unimportant. Under the facts, as presented by the record, we think the complainants were entitled to a decree. The decree of the Circuit Court will, therefore, be affirmed.

*Affirmed.*