## Prouty, Appellant, v. Kreamer.

*Contract—Parol modification—Statute of limitations.*

Where a contract under seal is altered by parol, it all becomes parol; but a mere additional parol agreement, not changing or modifying the one under seal will not have this effect, nor will a stipulation by parol releasing or waiving performance of part of the covenants.

Where a sealed contract for the sale and delivery of logs is modified by parol so as to change the place where defendant was to take possession of the logs, thus imposing a different obligation on him, the responsibility of the parties in driving them to the booms, and also to change the price to be paid for the logs, the sealed contract must be regarded as having been so far modified as to make a new parol contract to which the statute of limitations may be pleaded.

Argued March 19, 1901. Appeal, No. 86, Jan. T., 1901, by plaintiff, from order of C. P. Clinton Co., May T., 1898, No. 107, refusing to take off nonsuit in case of Chester Prouty v. Charles Kreamer. Before McCollum, C. J., Mitchell, Fell, Mestrezat and Potter, JJ. Affirmed.

Assumpsit on a contract for the sale and delivery of logs. Before Mayer, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*C. S. McCormick*, for appellant.—The specialty was not altered by parol so as to make a new contract: McManus v. Cassidy, 66 Pa. 263 ; Quigley v. DeHaas, 98 Pa. 297 ; Ellmaker v. Franklin Fire.Ins. Co., 6 W. & S. 443 ; Shaeffer v. Geisenberg,

47 Pa. 500; McCombs v. McKennan, 2 W. & S. 216; Vicary v. Moore, 2 Watts, 457; McGrann v. North Lebanon R. R. Co., 29 Pa. 91; Monocacy Bridge Co. v. American Iron Bridge Mfg. Co., 7 P. L. J. 67; Grove v. Donaldson, 15 Pa. 135.

*S. D. Furst,* with him *C. G. Furst,* for appellee.—The altering of a written contract by parol makes it all parol. And it is certainly more reasonable that the parol part, being the more recent expression of the intention, should draw to its nature the retained stipulations of the old contract than that the latter should draw to it the parol stipulations: Vicary v. Moore, 3 Watts, 451; Ake and Feay's App., 74 Pa. 116; Spangler v. Springer, 22 Pa. 454; Lawall v. Rader, 24 Pa. 283; Lehigh Coal & Nav. Co. v. Harlan, 27 Pa. 429.

When a plaintiff sues on a covenant which has been modified by parol in a point essential to the defendant's liability, the action should be assumpsit, the written contract treated as abandoned or used no further than to mark the terms and extent of the new stipulations: Lehigh Coal & Nav. Co. v. Harlan, 27 Pa. 429.

Opinion by Mr. Justice Mestrezat, May 13, 1901:

By an agreement under seal, dated November 6, 1885, the plaintiff sold to the defendant certain logs which were to be delivered in the boom at Williamsport or Lock Haven as defendant might prefer, in the spring of 1886. The price was to be paid in instalments when the "logs were delivered in accordance with the agreement and scaled straight and sound from the Williamsport and Lock Haven booms." The logs were to be scaled on the bank by a man paid by the plaintiff and as they were taken from the boom, by a man paid by the defendant.

This action was brought February 14, 1898, to recover for the lumber sold and delivered in pursuance of the contract, "together with the parol changes in the contract" as set forth in the statement. It is averred in the statement that on or about March 31, 1886, after defendant had failed to comply with the sealed contract by scaling the logs and making payment according to its terms, "the defendant requested the plaintiff to so change the terms of said contract that he, the

defendant, would take charge of all logs banked or ready to be thrown into the stream and driven on the next flood, and would drive the same to the booms at Williamsport and Lock Haven on the spring floods of 1886, and become responsible for the payment to the plaintiff for the logs, according to the scales made by the regular boom scalers at the booms. Defendant further agreed to become responsible for all logs which he should fail to drive into the booms on the spring floods of 1886. And in pursuance of said arrangement, plaintiff suffered the defendant to take possession and drive the logs in accordance with his request and agreement."

The plaintiff further avers in his statement " that in pursuance of the said contract and the said changes or modifications therein, as hereinbefore set forth," he placed certain logs upon the bank of the stream, which, " according to the terms of the contract and its amendment or supplement," went into the defendant's possession and were removed away from the landings under his charge. In the statement, certain credits are allowed the defendant, among which is one of fifty cents per thousand feet for driving the logs.

The defendant pleaded non assumpsit, payment, set-off and the statute of limitations. On the trial of the cause, after the plaintiff had closed his testimony, the court granted a compulsory nonsuit, which it subsequently refused to take off. This is assigned for error.

The defendant alleges that the claim of the plaintiff is barred by the statute of limitations, that the sealed contract between the parties was so far modified and altered by a subsequent parol agreement that it all became parol, and hence after six years no action could be maintained upon it. The plaintiff denies that there was any material alteration in the original contract and that the alleged modifications did not convert it into a parol agreement, and thereby enable the defendant to interpose the bar of the statute of limitations.

In Lawall v. Rader, 24 Pa. 285, Mr. Justice KNOX, speaking for the court, says : " Where a contract under seal is altered by parol, it all becomes parol. But a mere additional parol agreement, not changing or modifying the one under seal, will not have this effect. Nor will a stipulation by parol releasing or waiving performance of part of the covenant. The test of

collison, said Chief Justice GIBSON in Ellmaker v. Franklin
Fire Insurance Co., 6 W. & S. 439, 'was the capacity of the
two contracts to be executed together. Where that can be
done the one is not substituted for the other, and where there
is in fact substitution it operates as abandonment, the specialty
being relinquished, except as matter of reference, for the terms
of the parol contract which has supplanted it.' "

It will be observed by reference to the statement that the
sealed contract was changed by agreement of the parties, and
that in pursuance of the modification of the agreement, the logs
were delivered to the defendant on the bank of the stream.
The changes, therefore, were not mere waivers of conditions
precedent to the right of the plaintiff to recover and which
would not prevent the plaintiff from sustaining the action.
Did they materially change the original contract so that it and
the subsequent parol agreement could not be executed together?

The sealed contract required the plaintiff to drive the logs
into the boom at Williamsport where they were to be delivered
to the defendant. The price named in the agreement was based
upon a delivery at that point. The parol contract, however,
required the defendant to " take charge of all logs banked or
ready to be thrown into the stream " and to drive them to the
booms at Williamsport and Lock Haven. The defendant was
also to be responsible for the logs which he failed to drive into
the booms. This agreement, therefore, changed the sealed
contract as to the place where the defendant was to take pos-
session of the logs, the responsibility of the parties in driving
them to the booms, and, as shown by the statement, the price
to be paid for the lumber. It is claimed by the plaintiff that
the price remained the same and that the defendant was paid
by the plaintiff for driving the logs to the boom. We think
these modifications of the contract were material and changed
the liability of the parties. The changes are averred in the
statement to have been made by agreement of the parties, and
hence the whole contract became a parol agreement. By the
sealed agreement there was no liability on the defendant for
the logs until they were delivered to him at the boom. By the
parol alterations, the defendant was to take possession of the
logs on the bank and drive them to the boom. This imposed
a different obligation on the defendant, not contemplated or

included in the original contract. The defendant was by the new contract to be responsible for all logs he failed to drive into the booms on the spring floods of 1886. This created a different and distinct liability not imposed by the sealed contract, which required the defendant to pay only for such logs as were "scaled straight and sound from the Williamsport and Lock Haven booms." The changes in the original contract just noted, necessarily resulted in a change of the defendant's liability as to the amount due on the contract. The plaintiff in his statement allows the defendant a credit of fifty cents per thousand feet for driving the logs. There is no provision in the terms of the original contract requiring the defendant to drive the logs to the boom, and there is none allowing him a credit of any sum for such services. This is likewise a change made by the subsequent parol contract.

It is apparent that the parol modifications were not an additional agreement, nor were they mere waivers of part of the covenants contained in the sealed contract. It is equally clear that the two contracts could not be performed together. If the terms of the original agreement had been carried out, the logs would have been delivered in the booms by the plaintiff without any responsibility therefor on the defendant, and he could be compelled to pay for those only which were scaled to him from the booms. If, however, the parol agreement was effective and is to be enforced, the defendant should have received the logs on the bank and taken them to the boom on his own responsibility. This he did by a contract with the plaintiff, and hence his liability arises on the modified agreement.

We treat the statement and its averments as they stood at the time the nonsuit was granted, regardless of the subsequent action of the court in permitting the amendment. The part of the statement sought to be eliminated was clearly an admission advantageous to the defendant.

It follows that the sealed contract must be regarded as having been so far modified as to make a new parol contract between the parties, and that the statute of limitations is a bar to the action.

The learned trial judge committed no error in granting the nonsuit and the judgment is affirmed.