# Novice, Appellant, *v.* Alter.

*Contract—Agreement for sale of land—Sealed instrument—Parol alteration—Statute of limitations—Covenant to convey free of encumbrances.*

1. The statute of limitations does not apply to a suit for breach of a covenant in a contract under seal to convey land free of encumbrances.

2. To deprive the vendee of his right to sue on the sealed instrument on the ground of a new agreement between the parties as to the medium of payment, it must be shown that the new arrangement between the parties was in fact a new contract in parol, and not a mere modification of the original one.

3. If a mere alteration of some term of performance is made for the convenience of the parties to a contract, the character of the agreement as a writing is not altered.

Argued September 27, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 104, March T., 1927, by plaintiff, from judgment of C. P. Westmoreland Co., May T., 1925, No. 586, for defendant n. o. v., in case of Maurice J. Novice v. W. Riley Alter. Reversed.

Assumpsit for breach of contract. Before COPELAND, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiffs on which judgment for defendant n. o. v. was entered. Plaintiff appealed.

*Error assigned* was judgment n. o. v., quoting record.

*Thompson Bradshaw,* of *Morrison, May & Bradshaw,* with him *Gaither, Portser & McConnell,* for appellant. —The lower court misapprehended the effect in law of the facts in the case; the correct theory is that the action rests on a written article under seal and the limitation of the action is twenty-one years.

Any material parol alteration or modification of a contract under seal necessarily constitutes the specialty part of a new verbal agreement that cannot be enforced by an action of covenant: Carrier & Baum v. Dilworth, 59 Pa. 406; Quigley v. Haas, 98 Pa. 292.

*Benjamin H. Thompson,* with him *Rabe F. Marsh,* for appellee.—We do not agree with the learned counsel for the appellant that the parol changes of the written agreement in the material parts enumerated above did not reduce the whole agreement to parol,—surely a change of parties, a change from the assumption of an old mortgage and the giving of a new were such as to so

materially alter the agreement as to make a new contract, therefore the exception to the Act of 1713 "without specialty" could not apply: Prouty v. Kreamer, 199 Pa. 273.

OPINION BY MR. JUSTICE SADLER, November 28, 1927:

Novice, plaintiff, agreed, on December 2, 1913, to purchase a house and lot of ground from Alter, the defendant, and paid a small sum as hand money to bind the bargain. The understanding of the parties was embodied in a writing under seal, by which the vendor promised to convey, by deed of general warranty, a fee simple title, clear of all encumbrances, except a certain mortgage for $2,200, with interest from January 1, 1914, of which the vendee was "to assume payment," as a part of the total consideration of $3,600. Alter was the maker of the obligation referred to, and it is called throughout this proceeding the Sloan mortgage, though it had subsequently passed into the ownership of others before the foreclosure to which we shall later refer.

Examination of the record disclosed the fact that Alter did not have title to the property agreed to be conveyed, having transferred the same two years previously to Bremer and Pinkney, who in turn had deeded it to the Richmond Realty Company, both conveyances being subject to the outstanding Sloan mortgage. The vendor was not able to transfer ownership directly, but did secure a conveyance to Novice from the record holder. Alter advised the purchaser that the terms of sale must be changed, and the mortgage, agreed to be assumed, paid off. Novice was unable to make the necessary financial arrangements, and asked that the contract be cancelled and the sum already paid returned.

Defendant offered to arrange the negotiation of another mortgage on the same property for the exact amount, with the proceeds of which the Sloan mortgage was to be satisfied, the newly executed obligation being substituted therefor. In pursuance of this understand-

ing, plaintiff met defendant at the office of the attorney, with whom the vendor had made the arrangements for the taking of the new mortgage, executed it, and received at that time from Alter a deed for the property in which the realty company was named as grantor. The papers were redelivered to him, and he in turn handed them to the attorney, Wegley, for the purpose of recording, receiving the amount called for from the new mortgagee, Ruff, and satisfying the Sloan lien. The balance of the purchase price, though paid in cash to Alter, was evidently also transferred to Wegley, and this amount, less deductions, was later accounted for by the attorney to Alter and the Richmond Realty Company.

Novice took possession of the property, paid the interest on the Ruff mortgage for $2,200, which he, on request, had given in place of the one held in the name of Sloan for the same amount, and referred to in the articles of agreement, and later paid the principal of the obligation executed by him, and it was satisfied. As a matter of fact, the proceeds of his mortgage were not applied to the satisfaction of the one standing in Sloan's name, as understood and agreed on when he delivered the second mortgage, requested by Alter at the time of taking title, and which plaintiff gave in part payment of the purchase-money. No demand for interest was made on the Sloan obligation, which Novice believed was paid, for more than nine years after the closing of the transaction. In 1922, the house and lot were sold by him to one Elwood, and thereafter foreclosure proceedings were instituted, and the vendee evicted. The latter recovered from his vendor on the strength of his warranty deed, and plaintiff was compelled to pay the amount of the judgment recovered.

This suit, brought by Novice against Alter, was originally based on breach of the warranty appearing in the deed from the latter to the predecessors in title of the plaintiff, the one to whom he had contracted to convey,

all of the parties interested in the intermediate convey-
ances having been notified to come in and defend, when
Elwood brought his action to recover for loss by reason
of the enforcement of the outstanding encumbrance.
Later, with leave, the statement of claim was changed
so as to aver a breach of the agreement by which de-
fendant had promised to transfer title free of liens, ex-
cept of a mortgage for a specific amount, which was to
be treated as part of the purchase price. The amended
statement avers a failure to carry out the sealed con-
tract, which had been modified only to the extent that,
instead of taking the property subject to the Sloan mort-
gage of $2,200, a like obligation for the same amount
by the vendee was accepted, and alleged that Alter
agreed the first mortgage would be satisfied or can-
celled, and, having failed to remove the encumbrance,
and to convey free of any lien, he was liable for the loss
ensuing. The trial was had on this theory, as is appar-
ent from an examination of the amended statement and
declarations of counsel at the time of hearing, as set
forth on the record, and not upon the ground that the
responsibility of defendant, if any, rested on the oral
promise to satisfy the Sloan mortgage made when the
new one was delivered.

All of the facts, essential to the establishing of plain-
tiff's claim, were proven, and the jury found in his fa-
vor. The learned court below, however, was of opinion
that the real foundation of the claim was the oral prom-
ise of Alter to satisfy the mortgage made in 1913, and
not the agreement under seal to sell free of encum-
brances, except one lien for a fixed amount, and for
which another had been substituted by consent, and,
therefore, the statute of limitations barred a recovery.
The correctness of this conclusion, and the entry of a
judgment n. o. v. for defendant as a result, is challenged
on this appeal.

An action within six years is necessary, where the
breach of an oral contract, or an agreement in writing

not under seal, is relied upon as the basis for recovery, and if the violation of the parol promise, made in 1913, is to be considered the cause of action, then the right of plaintiff to recover has been lost. But the agreement for the sale of the land free of encumbrances was under seal, not merged in the subsequent deed made by the Richmond Realty Company to Novice (Lulay v. Barnes, 172 Pa. 331; Anderson's Admrs. v. Washabaugh, 43 Pa. 115), and, if breached, and suit can be brought on it, the statute does not apply: Ahrns v. Chartiers Valley Gas Co., 188 Pa. 249; Williams v. Short, 155 Pa. 480.

It is argued that the present action cannot be rested on the sealed agreement of sale, by reason of the subsequent oral change in the understanding, and any suit was necessarily based on the loss arising from the failure of Alter to carry out his promise to satisfy the Sloan mortgage with the proceeds of the one, executed upon request, for the purpose of negotiation, and the funds thus procured for that purpose. The contention is that the subsequent parol agreement was a modification of the written one, and that it follows, as a matter of law, the whole must be considered as oral, and the statute of limitations applied accordingly. The rule has been frequently stated, particularly in the earlier cases prior to 1887 (May 25, P. L. 271), where it became important to determine whether the action should be one technically of covenant or assumpsit, that a subsequent verbal contract, changing the terms of an earlier written one, reduced the whole understanding to parol.

Vicary v. Moore, 2 Watts 451, is one of the earliest and most frequently cited of the decisions in which this statement will be found, and it is there held that when new oral stipulations are engrafted onto a written agreement, so that a new contract is the result, the whole must be considered in parol. Later, in Ellmaker v. Ins. Co., 6 W. & S. 439, the case first cited is discussed by the same justice who wrote the prior opinion, and the distinction drawn that, to have the effect of reduc-

ing the whole agreement to parol, there must in effect be a newly substituted contract, and an inability to execute the two understandings together. The right to sue on the original agreement, where the modification does not amount to the making of a new contract, has been upheld in subsequent decisions: M'Combs v. M'Kennan, 2 W. & S. 216; Quigley v. De Haas, 98 Pa. 292; Grace Contracting Co. v. N. & W. Ry. Co., 259 Pa. 241; Irwin Glass Co. v. Buchanan, 289 Fed. 348. On the other hand, if such changes are made as to establish a second and substituted agreement, all will be treated as in parol: Lawall v. Rader, 24 Pa. 283; Prouty v. Kreamer, 199 Pa. 273.

In the present case, the vendor agreed in writing to convey free of encumbrances, except that vendee should "assume payment" of a mortgage for $2,200. Instead of doing so, the seller suggested that he execute his own mortgage for the same amount, and that he would see the first was satisfied, so that the property should pass as originally understood in fee simple with but one lien against it of the sum mentioned, which was a part of the purchase price. It could not be successfully argued that if Novice had paid off by agreement the whole purchase price in cash, in lieu of assumption of liens, and taken the property over, an action would not lie on the contract against the seller for loss from failure to convey free from encumbrances. In effect, that is the situation here. Instead of assuming payment of the Sloan mortgage, in part satisfaction of the price agreed, Alter took the equivalent of cash in payment, when, at his request, a new security was given and negotiated by him. If money had been paid, he could not have avoided his obligation, nor with any more reason can he do so when he accepted the equivalent of cash. The plaintiff here substituted, with consent, his own mortgage for a similar amount of money. The rule is, as shown by decisions already cited, that if a mere alteration of some term of performance is made for the convenience of the

parties, the character of the agreement as a writing is not altered.

Like cases have arisen where specific performance of a contract, changed merely as to the manner of carrying out some condition, has been asked, and the courts have granted relief though the statute of frauds requires the terms to be in writing. Thus, where an oral agreement to extend the time of carrying out the written agreement of sale, is proven, the alteration of this term has been held not to affect the character of the instrument as a writing. Such modifications as to time or mere terms of performance, which do not result in the making of a new and substituted agreement, are held not to reduce the contract to one in parol: Jordan v. Cooper, 3 S. & R. 564; Wilgus v. Whitehead, 89 Pa. 131. Cases in other jurisdictions where alterations were made similar to those found here, and the action on the writing sustained, will be found in Welch v. McIntosh, 89 Kan. 47, 130 Pac. 641; Anderson v. Moore, 145 Ill. 61, 33 N. E. 848; Low v. Treadwell, 12 Me. 441.

"Subsequent agreements between the parties, as to the pecuniary liabilities growing out of the transaction, which do not take away or confer any interest in the land, but only determine the time when the purchase-money becomes due, are not affected by the statute [of frauds]": 25 R. C. L. 709. If contracts to sell land were reduced to parol by such alterations of terms, not amounting to new agreements, then they could not be specifically enforced because of the statute of frauds. Modifications, such as we have here, do not have that effect. So, in determining whether the statute of limitations is applicable, we must consider the sealed instrument on which this suit was brought, not as abolished and a new contract substituted, but merely modified as to the medium of payment. The suit here is not based on the oral change, which was fully carried out, but on the written agreement, as altered.

In the case at bar, the parol change was in the expressed willingness to accept cash, or what was the same thing, the proceeds of the new mortgage which Alter had negotiated. Having received the full purchase price fixed in the agreement of sale, it was his duty to convey a title to the property free of all liens. Novice did not receive what he contracted and paid for, and is entitled to recover for the loss sustained by the breach of the obligation on which his suit was based. The writing was under seal, and the fact that suit was not brought within six years is no bar, and the court below erred in holding that it was. It is unfortunate for Alter, if he trusted Wegley, with whom he had placed the new mortgage, and failed to demand the money equivalent himself, or if Wegley did not appropriate it as directed, but the loss cannot be shifted to Novice, and he is entitled to recover.

The judgment is reversed and here entered for plaintiff on the verdict.