## Pompey Coal Company v. Giombetti

*O'Malley, Hill, Harris & Harris*, for plaintiff.
*John Memolo* and *M. V. Cummings*, for defendant.

HOBAN, J., January 8, 1937.—The matter is now before the court on a bill in equity, an answer containing new matter, and a replication containing objections to the answer, as provided for in Supreme Court Equity Rules 55 and 49. The situation is similar to that where plaintiff's reply in the nature of an affidavit of defense setting up questions of law, if the action were at law, and a motion for judgment for want of a sufficient affidavit of defense came before the court: See Michelin Tire Co. v. Schulz, 295 Pa. 140. In other words, if the defense presented by the answer and new matter is not a valid one plaintiff would be entitled to judgment and the relief prayed for, in this case an injunction.

Plaintiff is the operator of certain leased coal lands, including the surface and mining rights, and on June 15, 1934, made a contract with defendant, a mine contractor, by which plaintiff leased to defendant the right to mine and remove coal from a certain section of the premises. By its terms the contract was to extend for a period of five years; a minimum royalty on run-of-mine coal recovered by defendant was to be paid; a certain tonnage was to be recovered during the life of the contract, and defendant was to have no rights on the surface other than

to move coal recovered from the section he was to operate. The bill avers that this contract has been breached in that defendant has refused to pay the minimum royalties; has refused to mine coal in the section allotted to him by the contract; has removed certain of plaintiff's machinery which was included in the contract and failed to return the same; has been mining coal from other contiguous tracts, moving the same through the workings allotted to him under the contract and across the surface of plaintiff's property without permission, and so is a trespasser. The answer of defendant as to the machinery in question is that it was either never there, as stated in the inventory attached to the contract, or what there was of it was found under a fall when defendant entered the section to undertake his part of the agreement and was worthless, and that the agreement itself was modified by an oral agrement made on or about September 27, 1934, between the responsible officers of plaintiff and defendant, by which the provisions of the written agreement with respect to the payment of minimum royalties were suspended and set aside, defendant authorized to pay for only such an amount of coal as he actually mined, and permission granted to him to transfer coal from adjacent lands through his section in plaintiff's operation and across the surface of plaintiff's property without charge for this privilege. The consideration averred for this alleged oral modification in the terms of the written contract was simply the mutual consent of the parties.

The position plaintiff takes in its replication is that the answer of defendant, as stated above, consists entirely of irrelevant matter and it argues that the so-called oral modification is ineffective because without consideration, that is to say, that the new contract is nudum pactum and, therefore, unenforcible.

The written contract of June 15, 1934, is in form and effect a lease, and since it covers a period of more than three years it falls within the requirements of the first sec-

tion of the statute of frauds: Act of March 21, 1772, 1 Sm. L. 389, sec. 1, 33 PS §1. As a general proposition, there is no doubt that the written contract may be subsequently modified or changed by parol, but unless the modification or change is as to some immaterial condition as to manner of performance or change in the method of payment, such modification becomes a new contract and the whole is to be considered as a new oral agreement, and such terms of the written agreement as have not been modified or rescinded are included as part of the new understanding: Novice v. Alter, 291 Pa. 64; Beatty v. Larzelere, 194 Pa. 605.

"The fact that an agreement to rescind or modify a prior contract is oral does not render it inoperative except in the cases and to the extent that a Statute of Frauds requires, under the rules stated in §§222-224": A. L. I. Restatement of Contracts, sec. 407.

See also comment (b) under section 407, as follows:

"The Statute of Frauds generally does not preclude oral rescission of a prior contract that is within the Statute and that satisfies the statutory requirement of a writing. But if the prior contract effected a change of ownership of land or goods, an agreement to rescind is in effect an agreement to change the ownership again, and such an agreement requires the same formality as the original transfer."

We have, then, the question whether the new agreement is subject to the statute of frauds and enforcible in this case against plaintiff. The agreement in effect would be dated September 27, 1934, and include within it the same grant of the right to mine and remove coal from the section designated in the written contract, the requirement to produce the total tonnage during the balance of the term of the lease, the use of plaintiff's land in a manner not contemplated in the original agreement, the use of its underground workings in a manner not provided for in the original document, and would contain the same pro-

visions as to the termination of the lease at the end of five years from June 15, 1934, and for remedies by forfeiture and ejectment if default occurs. Hence the new agreement would be in itself a lease for a period only three months less than the contemplated five years and so subject to the provisions of the statute of frauds. But there is no writing signed by the party granting the lease, and, under the principles expressed above, this new contract would be unenforcible under the statute of frauds. If it is so unenforcible, it does not operate even then to vary the terms of the prior contract: See A. L. I. Restatement of Contracts, sec. 223 (2). Hence, even if the consideration for the parol contract were regarded as sufficient, the bar of the statute of frauds would prevent its enforcement, because there is no memorandum in writing of the new contract.

But we are not convinced that there was any legally sufficient consideration upon which to base the contract as modified. The statement in the answer of defendant that the modification was made in consideration of the impossibility of performance is nothing but a statement of a motive for bringing about a change, but is not in itself a consideration. The theory of defendant is that the mutual obligations of the parties to the contract are sufficient consideration, but certainly defendant assumed no new obligation; in fact, the modification would work a discharge of a serious part of his obligations under the written agreement, since he would become an occupant of the section of the mine in question with no obligations as to payment, no restriction as to use of plaintiff's property, and no requirement to mine any definite tonnage.

It is conceded that mutuality of obligations or promises without more is sufficient consideration for the formation of a simple contract, or, as the Restatement calls it, an "informal contract", but the difficulty with this situation is that we cannot see the mutuality of promises or of obligations to satisfy this requirement. Defendant cer-

tainly undertakes nothing by way of a promise, or contracts no obligation, nor has he put himself in a position to his disadvantage in reliance upon any supposed promise of plaintiff, which under the theory expressed in section 90 of the A. L. I. Restatement of Contracts would supply the place of a promise on his part as against the promise of plaintiff to forbear from enforcing the terms of the original contract.

Most of the cases cited by defendant in his brief support the proposition that a written, sealed contract may be modified by parol, and the only one which seems to have any reference to the question of consideration is Achenbach v. Stoddard, 253 Pa. 338; but in that case the Supreme Court pointed out that plaintiff in fact assumed an additional burden, which was a sufficient consideration for the parol agreement.

Defendant by his request in the answer for a reformation of the contract in accordance with the terms of the alleged new agreement and request for other relief based thereon submits his contract to the consideration of the court under the ordinary rules of equity. The cases in equity with regard to the enforcement of contracts or obligations thereunder by an appeal to the equitable powers of the court indicate that the consideration to support such contracts must be not only legal but valuable: See Lennig's Estate, 182 Pa. 485; Spotts v. Eisenhauer, 31 Pa. Superior Ct. 89. Measured by this test, defendant would have no consideration to support his alleged new contract; in other words, equity will regard not only the legal sufficiency but the adequacy of the consideration before applying its powers to the relief of one seeking its remedies. To the same effect also is section 506 of the A. L. I. Restatement of Contracts.

But regardless of the sufficiency or adequacy of the consideration, we are of the opinion that the situation comes squarely within the requirements of the statute of frauds and that the alleged new contract is unenforcible because of its provisions. Hence we believe that the an-

swer to the bill of complaint and new matter is wholly. irrelevant with the exception of that portion which alleges a failure to find the machinery and equipment inventoried in the original contract, and that plaintiff is entitled to an injunction restraining defendant, his workmen, servants, employes and agents from transporting over or upon plaintiff's land any coal other than that mined and removed by defendant from the section leased to him under the agreement of June 15, 1934, and that defendant must be denied any right to the relief sought by him in his answer. As to the machinery, an issue of fact seems to be raised by defendant's answer. We believe it would be inequitable to enforce by injunction any demand for the return of the same if the facts are as appear by defendant's answer.

Let a formal decree be prepared in accordance with the foregoing opinion.

HOBAN, J., January 15, 1937.—On January 8, 1937, we handed down an opinion in which we decided that under the pleadings, consisting of bill in equity, answer and new matter, and plaintiff's replication in the nature of preliminary objections to the answer and new matter, plaintiff was entitled to the affirmative relief sought. Counsel for defendant have pointed out to us that under Supreme Court Equity Rules 49 and 55 the court is without power to so dispose of the matter without affording defendant an opportunity to amend his answer. With this contention we are compelled to agree, and accordingly the opinion is modified to include the following

### Order

Now, January 15, 1937, plaintiff's objections to defendant's answer and new matter are sustained with the exception of such part of plaintiff's first objection as sets forth the answer to paragraphs 4 and 5 of plaintiff's bill; defendant is required to amend his answer within 15 days from the date hereof or suffer the bill to be

taken pro confesso as to such portions thereof, excluding the averments of paragraphs 4 and 5 therein.