## Bell, Secretary of Banking, v. Forred et ux.

*Edwin L. DeLong*, for petitioners.

*George J. Mallen* and *William Brodsky*, Deputy Attorneys General, and *Jean deB. Bertolet*, for respondent.

SCHAEFFER, P. J., February 8, 1943.—On July 23, 1928, defendants executed and delivered to the Hirsh Luria Building & Loan Association their obligation in writing, not under seal, for the payment of the sum of $1,000, with interest, within one year from the date thereof. Simultaneously and therewith, they delivered

a warrant of attorney, not under seal, authorizing the confession of judgment against themselves for the sum of $1,000 and costs.

On September 26, 1941, John C. Bell, Jr., Secretary of Banking of the Commonwealth of Pennsylvania, and successor receiver of the Hirsh Luria Building & Loan Association, caused judgment by confession to be entered in this court against defendants for the sum of $1,090.48.

On October 5, 1942, defendants presented their petition averring that the claim of the association, now represented by the Secretary of Banking, now is and was in 1941 barred by the statute of limitations of March 27, 1713, 1 Sm. L. 76, and praying that the judgment entered September 26, 1941, be opened. On November 5, 1942, said defendants upon a petition again reciting the facts obtained a rule to show cause why the judgment should not be stricken off.

Upon hearing, the parties agreed that there are no facts in dispute. They agreed that defendants' obligation became due on July 23, 1929, that since August 31, 1931, defendants have made no payments to the association or its successors on account of the principal or interest of the debt, and that defendants have not since the latter date either acknowledged said debt or obligation or made any promise to pay the debt or any portion thereof.

It is agreed further that William D. Gordon, as Secretary of Banking, took possession as statutory receiver of the business and property of said association on September 6, 1933, and that John C. Bell, Jr., is his successor in office.

The Act of March 27, 1713, 1 Sm. L. 76, 12 PS §31, provides:

". . . all actions of debt, grounded upon any lending, or contract without specialty . . . shall be commenced and sued . . . within six years next after the cause of such actions or suit, and not after."

Here the obligation became due July 23, 1929. The next day a right of action thereon accrued to the association: Menges et al. v. Frick et al., 73 Pa. 137. Therefore, the statutory period of six years began to run from that date. The payment by defendants to the association on August 31, 1931, tolled the statute up to that date; but as between defendants and the association the latter's right of action was liable to be defeated by a plea of the Act of 1713 if suit was not "commenced and sued" within six years of August 31, 1931.

The entry of judgment against defendants in pursuance of the warrant of attorney was but a form of commencing the suit. As neither the entry of judgment nor any other form of suit had been instituted before 1941, the entry of judgment would clearly be liable to be defeated by a plea of the statute, if the entry were by the association: Novice v. Alter, 291 Pa. 64.

This much plaintiff does not controvert but he does contend that, under section 712 of the Department of Banking Code of May 15, 1933, P. L. 565, 71 PS §733-712, the status of the claim against defendants became fixed by the act of the secretary's taking possession of the association in 1933 and that such claim, therefore, remains unaffected by the passage of time — since liquidation of the assets of the association remains uncompleted.

Section 712 of the Department of Banking Code provides:

"The status of all parties shall become fixed on the date the secretary takes possession of the business and property of the institution, as receiver. No corporation or person shall thereafter acquire any lien or charge against any of the assets of the institution of which the secretary is receiver, including mechanics' liens for charges, payments, advances, or clearances thereafter made or thereafter incurred, or liens by reason of the entry of any judgment against such institution after the secretary has taken possession."

This section in substance declares that the assets of the insolvent association while in the possession of the Commonwealth's Secretary of Banking are in custodia legis and hence are not subject to new liens, distraint, attachment, etc. See Curtis v. Ford, 10 L. R. A. 529, and note, and Taylor et al., Admrs., v. Carryl, 20 Howard 583.

But by this section the legislature has not attempted to declare that the status of the property of any person or corporation, other than that of the institution taken over by the secretary, shall remain fixed and unchangeable. There is here no attempt by the legislature to declare that the property of a common creditor of said institution shall thereafter, until the final liquidation of the institution, remain unchangeable, inalienable, and not subject to the ordinary processes of the law; such property has not been declared, and we think could not thus summarily be declared, to be in custodia legis. It is the status of claims against the association that is fixed by the secretary's taking possession: In re Miners & Merchants Bank of Nanty-Glo, Pennsylvania, 18 D. & C. 537; the rights of the parties in and to the assets taken over by the secretary are fixed as of the time of the taking over: Christian A. Fisher Building & Loan Association's Appeal, 339 Pa. 5.

There is nothing in the Department of Banking Code nor in applicable legal principles that prevents the running of the statute of limitations against the claim, based upon an instrument not under seal, by the statutory receiver against a debtor of the association. In his work as receiver the Secretary of Banking, although a Commonwealth officer, is not representing the property or interests of the Commonwealth. As receiver, he represents the creditors and members of the association. Hence the principle of the maxim nullum tempus occurrit regi does not apply. Even though the suit be brought in the name of the Commonwealth, since the Commonwealth has no beneficial interest in its

outcome, the statute of limitations constitutes a bar thereto when those who hold the beneficial interests are barred: Commonwealth v. Severn et al., 11 Phila. 310. And even if we consider the title to the assets of the association while in the hands of the Secretary of Banking as being in the Commonwealth, as that title is held not for the Commonwealth but for definite individuals, the statute applies: McCoy v. The Trustees of Dickinson College, 4 S. & R. 302; Patten et al. v. Scott, 118 Pa. 115. See also Denver & R. G. R. Co. v. United States, 241 Fed. 614.

The bar of the statute of limitations is an affirmative defense which, unless raised by defendant, cannot defeat plaintiff's action. In our case it has been raised by defendant's petition after judgment had been entered. Under these circumstances it had formerly been held upon the theory that the plea of the statute of limitations was a technical, inequitable, and unconscionable defense that a judgment entered in pursuance of a warrant of attorney contained in an obligation not under seal would not be opened when entered more than six years after it became due, for the reason that the statute of limitations did not apply to the exercise of the warrant authorizing the confession of judgment: Morris et al. v. Hannick, 10 Phila. 571; Commonwealth, for use, v. Perry et al., 330 Pa. 355, 361. But in Sossong v. Rosar, 112 Pa. 197, it was definitely ruled that a clause in a promissory note not under seal, authorizing the confession of judgment, does not of itself deprive the debtor of the right to plead the statute of limitations. And in Ellinger's Appeal, 114 Pa. 505, it was held to be a good cause for opening a judgment and letting the defendant into a defense that, at the time of the entry of the judgment on a promissory note, it was prima facie barred by the statute. The statute of limitations is now viewed as a statute of repose and therefore not inequitable. The modern doctrine is set forth in Commonwealth, for use, v. Perry et al., supra.

And now, to wit, February 8, 1943, the rule to strike off the judgment is discharged, and the rule to open the judgment is made absolute, and an exception to this ruling is directed to be noted.