# ESTATE OF J. F. SIMMONS, DECEASED.

APPEAL BY J. A. SIMMONS ET AL. FROM THE ORPHANS' COURT OF SCHUYLKILL COUNTY.

Argued February 18, 1891—Decided March 9, 1891.

Under § 16, act of February 24, 1834, P. L. 75, upon proof of a parol contract for the sale of real estate made by a decedent in his lifetime, of possession taken by the vendee in pursuance thereof, of payment of part of the purchase money and of improvements by the vendee, the Orphans' Court, on the petition of the decedent's executor, will make a decree of specific performance, on the payment of the balance of purchase money due; practice.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Statement of Facts.

No. 213 July Term 1890, Sup. Ct.; court below, number and term not given.

On October 28, 1889, Daniel D. Moreton, executor of the will of John F. Simmons, deceased, presented his petition setting forth in substance:

That the testator died on September 22, 1884, leaving to survive him a widow and nine children, named in the petition; that, of the children, one, Mary Jane, was the widow of John Nimelton, deceased, and another, intermarried with Albert Wetzel, had since died; that the testator in his lifetime purchased from T. M. Russell, a certain described lot in the borough of Pottsville, and, by the contract, a certain part of the purchase money was not to be paid by Simmons to Russell until the latter could make a clear title to the premises, and that this was not done in the lifetime of said Simmons.

That in the summer of 1873, said John F. Simmons entered into a parol contract with John Nimelton, his son-in-law, by which in consideration of $600 he agreed to sell and convey to the latter, in fee-simple, a part of the lot of ground mentioned, with the buildings thereon, fully described in the petition, the deed for the property to be made when the purchase money was paid and Simmons had obtained the title from Russell; that, in pursuance of said contract, immediately upon the completion of the dwelling-house, to wit, in the fall of 1873, said John Nimelton went into possession of the premises agreed to be sold, and continued in possession of the same till the date of his death on October 9, 1877, intestate; that, in his lifetime, said John Nimelton had made various payments on account of said purchase money, aggregating $440, the receipts for which were produced; that, since the death of said Nimelton, his widow and children (the latter being minors and having W. F. Scheerer as their guardian), or the tenants under them, had continued in uninterrupted possession of said premises up to the filing of said petition; that said guardian had lately tendered to the petitioner the balance of the purchase money, with interest due, on said contract, and had requested that a deed for the premises described therein be made to him as guardian; that John F. Simmons had died without having made any provision for the performance of said contract, but, on the con-

trary, had devised said property to his widow for the period of her natural life; that, since the death of said John F. Simmons, the petitioner had succeeded in acquiring a good title to the lot purchased from Russell, through several conveyances particularly mentioned, prior to the execution and delivery of which no valid title could have been made for the lot purchased by Nimelton; praying that the court would decree a specific performance of the said contract, on the payment by the said guardian to the petitioner of the balance due thereon with interest, and that a citation to the widow and heirs of said John F. Simmons be awarded, to show cause, etc.

The said citation being served, the widow, Elizabeth Simmons, and two children, John A. Simmons and Mrs. Liddell, made answer, admitting the purchase alleged in the petition to have been made by John F. Simmons from T. M. Russell, but denying the parol contract alleged to have been made by Simmons with John Nimelton, and averring that the possession had and held by said Nimelton, his widow and children, was not under a contract of purchase but under a tenancy, and that the improvements made upon the property by Nimelton in his lifetime were trifling and inconsiderable.

The cause, on December 9, 1889, was referred to *Mr. P. M. Dunn*, as examiner and master.

On May 19, 1890, the master reported his findings from the evidence submitted, that the parol contract by John F. Simmons with John Nimelton was entered into as averred in the petition; that, in pursuance of it, Nimelton took possession of the premises described, and paid to Simmons in his lifetime $440, on account of the purchase money; that, under the contract, although Simmons had paid for the dwelling erected on the lot, Nimelton had done the larger part of the excavation for the house, built an out-house, other out-buildings, made the cellar, built fences, terraced the garden, and planted trees. Upon these findings, the master, citing Sage v. McGuire, 4 W. & S. 228; Edwards v. Morgan, 100 Pa. 330; Moore v. Small, 19 Pa. 468; Milliken v. Dravo, 67 Pa. 230; §§ 15, 16, act of February 24, 1834, P. L. 75, reported that the contract was enforceable, notwithstanding the statute of frauds, and recommended the decree prayed for.

To the master's report, exceptions were filed alleging that

the master erred, under all the facts of the case as shown in the testimony, in recommending a decree of specific performance. On the argument of these exceptions, the point was made that neither the widow and heirs of John Nimelton, deceased, nor any one representing the latter's estate, had been served with the citation. Thereupon, Mary J. Nimelton, widow, and W. F. Scheerer, guardian of the minor children, joined in a petition, in the nature of an answer to the citation, in which the contract and other allegations of the petition of the executor of John F. Simmons were admitted, and they united with said executor in praying for specific performance.

On July 7, 1890, the court, PERSHING, P. J., filed an opinion, which after stating the facts proceeded:

In Anshutz's App., 34 Pa. 375, it is held that when both the vendor and vendee of real estate are deceased, intestate, upon a proceeding in the Orphans' Court by the administrators of the vendor, to enforce the specific performance of a contract, the administrator and heirs of the vendee, and all persons deriving title under them, or interested in the contract, must be made parties. Mr. Justice READ also said: " And for security the heirs of the vendor must also be notified." But this was corrected in West Hickory Min. Ass'n v. Reed, 80 Pa. 38, 48. It is decided in that case, that when the application for specific performance of a contract for the sale of lands is made by the executor or administrator of a decedent, notice to his widow and heirs is not necessary. By the contract for the sale of land, the estate of the decedent is converted into personalty, over which the personal representatives have absolute control.

As a general rule, when a parol contract is fully set forth in the bill, and is admitted in the defendant's answer, a court of equity will enforce the specific execution of the contract; for it is obvious that the case is taken entirely out of the mischief intended to be guarded against by the statute of frauds: Brightley's Eq., 196; Parrish v. Koons, 1 Pars. 97; Christy v. Brien, 14 Pa. 249. Every parol contract is held to be within the statute, except when, in the language of § 16, act of February 24, 1834, P. L. 75, such parol contract shall have been so far executed that it would be against equity to rescind the same. What is such parol performance as will take the trans-

Arguments.

action out of the statute, the authorities say is often a question of much difficulty.

In the case in hand, the master has found that every essential requisite of the statute was complied with by Nimelton, the vendee of Simmons. It is a fair presumption from the facts, that had Simmons procured a complete title in his lifetime to the Russell purchase, he would have made a deed to Nimelton, whose wife sustained to him the relation of a daughter. The application before us is made by the representatives of the deceased vendor; and, now that the representatives of the estate of the vendee have placed on record the admission of the correctness of the petition, and avowed their readiness to pay the balance of the purchase money, the way appears to be clear for a decree of specific performance.

I will not protract the opinion by referring to the numerous cases cited, nor discuss the question of compensation in damages raised on the argument. Our ground for the exercise of equity jurisdiction, in cases like this, is that a recovery in damages is not regarded in equity as an adequate remedy for a breach of contract for the sale of land: Brightley's Eq., 188.

And now, July 7, 1890, it is directed that counsel prepare a form of decree for specific performance.

—A decree having been signed, in accordance with the foregoing opinion, the exceptants took this appeal, specifying the dismissal of the exceptions to the master's report, and the decree directing specific performance of the contract, for error.

*Mr. Nicholas Heblich* (with him *Mr. W. F. Shepherd*), for the appellants.

Counsel cited: Ackerman v. Fisher, 57 Pa. 457; Edwards v. Morgan, 100 Pa. 330; Woods v. Farmare, 10 W. 195; Eckert v. Eckert, 3 P. & W. 332; Hart v. Carroll, 85 Pa. 508; Shellhammer v. Ashbaugh, 83 Pa. 24; McKee v. Phillips, 9 W. 85; Robertson v. Robertson, 9 W. 42; Moore v. Small, 19 Pa. 461; Frye v. Shepler, 7 Pa. 91; Poorman v. Kilgore, 26 Pa. 365; Sower v. Weaver, 78 Pa. 443; Allison v. Burns, 107 Pa. 50; Erie etc. R. Co. v. Knowles, 117 Pa. 77; Soles v. Hickman, 20 Pa. 180.

*Mr. Geo. M. Roads*, for the appellee.

Counsel cited : Milliken v. Dravo, 67 Pa. 230 ; Richards v. Elwell, 48 Pa..361; McGibbeny v. Burmaster, 53 Pa. 332; Lauer v. Lee, 42 Pa. 165 ; Reed v. Reed, 12 Pa. 117 ; Bassler v. Niesly, 2 S. & R. 352; Troup v. Troup, 87 Pa. 149 ; Eberly v. Lehman, 100 Pa. 542.

PER CURIAM :

The decree is affirmed and the appeal dismissed, at the costs of the appellants.

Decree affirmed.