## Parry, Appellant, *v.* Miller.

*Real property—Title to land—Equitable ejectment—Parol sale—Part performance—Evidence—Sufficiency—Relevancy.*

1. A parol contract in respect to land, although within the statute of frauds, will sometimes be specifically enforced and this is especially true if the contract has been partly executed.

2. Where one enters into possession under a parol contract to purchase land and follows that possession by making valuable improvements thereon, cultivates the soil as his own and performs other acts which under the law are deemed to be the indicia of ownership, there may be such part performance as to take the case out of the statute.

3. In an action of equitable ejectment to determine title to land of which plaintiffs were the record owners, the case was for the jury where defendant's evidence tended to show that plaintiffs' grantor had agreed by parol to sell the land to defendant, that defendant had paid a part of the purchase-price, in cash and securities, and that the balance had been satisfied, by the rentals of oil and gas leases made by plaintiffs' grantor under an agreement with defendant that the rentals should be received on account of the purchase-price, that defendant had entered under the contract, and held possession as owner, not as tenant, and had paid taxes, cultivated the soil and made improvements.

4. In such case, evidence of the payment of rentals to plaintiff and the amount thereof was relevant, as tending to show that the agreed purchase-price had been paid, there being evidence that when the conveyance to plaintiff was made she was chargeable with knowledge of her grantor's contract with defendant for the conveyance of the land and the application of the rentals.

Argued Oct. 5, 1914. Appeal, No. 1, Oct. T., 1914, by plaintiffs, from judgment of C. P. Greene Co., March T., 1909, No. 4, on verdict for defendant in case of Mary S.

Parry and Jane Wood Parry (now Field) v. Jennie V. Miller. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Equitable ejectment for the recovery of lands in Greene County. Before HOLT, P. J.

The opinion of the Supreme Court states the facts.

Verdict for defendant for the lands described in the writ and judgment thereon. Plaintiff appealed.

*Errors assigned* were rulings on evidence, instructions to the jury, answers to points, the refusal of the court to direct a verdict for plaintiffs and to enter judgment for plaintiffs n. o. v.

*A. F. Silveus,* with him *J. B. Donley* and *D. S. Walton,* for appellants.—The contract relied upon by defendant is indefinite, uncertain and lacks mutuality: Soles v. Hickman, 20 Pa. 180; Llewellyn v. Sunnyside Coal Co., 242 Pa. 517; Bryan v. Douds, 213 Pa. 221; Lancaster Trust Company v. Long, 220 Pa. 499; Bowers v. Bowers, 95 Pa. 477; Reno v. Moss, 120 Pa. 49; Anderson v. Brinser, 129 Pa. 376; Olfsheskey v. Graham, 46 Pa. Superior Ct. 523; Penn Twp. School District v. Snyder, 5 Pa. Superior Ct. 228; Zimmerman v. Rhoads, 226 Pa. 174; Wylie v. Mansley, 132 Pa. 65; Galbraith v. Galbraith, 190 Pa. 225; Beckett v. Allison, 188 Pa. 279; Matthaei v. Pownall, 235 Pa. 460; Rankin v. Simpson, 19 Pa. 471.

Possession of the land was not taken by the defendant under the contract: Goucher v. Martin, 9 Watts 106; Reno v. Moss, 120 Pa. 49; Jones v. Peterman, 3 S. & R. 543; Hill v. Meyers, 43 Pa. 170; Ackerman v. Fisher, 57 Pa. 457; Wright v. Nulton, 219 Pa. 253; Lincoln v. Africa, 228 Pa. 546; Aitkins' Heirs v. Young, 12 Pa. 15; Christy v. Barnhart, 14 Pa. 260; Myers v. Byerly, 45 Pa. 368; Ellis v. Ambler, 11 Pa. Superior Ct. 406; Donnelly's Est., 3 Pa. D. R. 381; Weller v. Potts, 230 Pa. 6;

Eargood's Est., 1 Pearson 399; Johns v. Johns, 244 Pa. 48.

The defendant was not in exclusive possession of the property. The plaintiffs were in joint possession with the defendant: Greenwich Coal and Coke Company v. Learn, 234 Pa. 180; Lincoln v. Africa, 228 Pa. 546; Haslet v. Haslet, 6 Watts, 464; Detrick v. Sharrar, 95 Pa. 521; Moore v. Small, 19 Pa. 461; Wright v. Nulton, 219 Pa. 253; Weller v. Potts, 230 Pa. 6; Hyde-Murphy Co. v. Boyer, 229 Pa. 7; Baxter v. Doane, 208 Pa. 585; Johns v. Johns, 244 Pa. 48.

The value of the improvements alleged to have been placed on the property was insignificant: Miller v. Zu fall, 113 Pa. 317; Hancock v. Melloy, 187 Pa. 371; Caverly's Est., 51 Pitts. L. J. 220; Reynolds v. Craft, 38 Pa. Superior Ct. 46; McKowen v. McDonald, 43 Pa. 441; Schmidt v. Lieberum, 51 Pa. Superior Ct., 591.

The alleged parol contract was within the statute of frauds: Edwards v. Morgan, 100 Pa. 330; Galbraith v. Galbraith, 190 Pa. 225; Beckett v. Allison, 188 Pa. 279; Johns v. Johns, 244 Pa. 48; Erie & W. V. R. R. Co. v. Knowles, 117 Pa. 77; Braun v. First G. E. L. Church, 198 Pa. 152; Hess v. Calender, 120 Pa. 138.

*James J. Purman,* with him *Frank W. Downey,* for appellee.—Proof of the parol contract of sale was full and convincing: McIldowny v. Williams, 28 Pa. 492; Cole v. Bolard, 22 Pa. 431.

The defendant proved beyond question that she took possession immediately upon the sale to her and has maintained possession down to the present time and is still maintaining it: Lemmon v. Lemmon, 47 Pa. Superior Ct. 604; Moss v. Culver, 64 Pa. 414; Holt v. McWilliams, 21 Pa. Superior Ct. 137; Park v. Park, 39 Pa. Superior Ct. 212; Hoffman v. Bell, 61 Pa. 444; Goodman v. Sanger, 85 Pa. 37; Eisenburger v. Eisenburger, 25 Lanc. Law Rev. 321.

OPINION BY MR. JUSTICE ELKIN, January 2, 1915:

Was the evidence of a parol sale sufficient to sustain the title set up by defendant? The rights of the contending parties depend upon the answer to this question. The jury found the title thus set up to be a valid one, and must have believed the testimony introduced to sustain the parol sale relied on as a defense to this action. In the consideration of the case we must accept as verity the testimony of witnesses called by defendant to prove her title, and with the facts thus established by the verdict of the jury, the sufficiency of the evidence to sustain a parol sale is the only material question remaining for our determination. It is a close case and one not free from difficulty. The record is voluminous and the testimony in many instances contradictory, but it was the province of the jury to pass upon the credibility of witnesses and to determine the facts in accordance with the testimony as they believed it. It is suggested in the argument of learned counsel for appellants that some of the testimony is not worthy of belief and should be disregarded, especially where the record title is involved, but as to conflicting testimony and the veracity of witnesses, it is not for this court to reconcile contradictory statements and to say what witnesses are worthy of belief, when a case is here on appeal. Our inquiry is limited to the question of the sufficiency of the evidence to sustain the verdict. A brief recital of the facts disclosed by a careful reading of all the testimony shows that George L. Miller, husband of appellee, owned the tract of land in dispute prior to and including part of the year 1898, and then becoming financially involved, he made an assignment for the benefit of creditors. He was anxious that his wife who had very limited means should have an opportunity to purchase the farm upon which they lived and made their home. He requested the assignee to co-operate with him in an effort to secure someone to purchase the farm with an agreement to convey the same to his wife when she made satisfactory ar-

rangements with the purchaser for the payment of the purchase-price. With this end in view the assignee and the husband went to see W. M. Parry, who subsequently purchased the farm, and related to him the whole situation, with the result that Parry assented to the proposition suggested to him upon condition that the farm could be purchased at a satisfactory price, and this depended upon what other prospective purchasers might bid. Parry further agreed that he would advance $23.00 per acre on account of the purchase-price, and in the event of other bids exceeding that amount, Mrs. Miller, the defendant, should pay whatever additional sum was required to purchase the farm at the assignee's sale. The farm was sold by the assignee for $25.10 per acre, of which sum Mrs. Miller paid to Mr. Parry in cash and securities what amounted to $148.00, being a little more than $2.10 per acre, the excess amount which under the agreement she was to pay if the farm sold for more than $23.00 per acre. Parry then paid the assignee the purchase-price in full and took title in his own name, and this was in accordance with the understanding of all parties. The testimony of the husband is positive that Parry agreed at the time the arrangement was made, that he would take title to the farm as a security for the money invested and would convey title to Mrs. Miller when the amount advanced by him with interest was paid in full. The husband also testified that after the sale, and vesting of title, Parry reaffirmed the original agreement to convey to Mrs. Miller upon payment of the purchase-price advanced by him with interest. That this was the agreement is denied by Parry, but the verdict of the jury must be accepted as establishing the fact. The evidence also shows that a few months after Parry took title, he instructed the proper taxing authorities to have the assessment of the farm made in the name of Mrs. Miller. The transfer was so made upon the assessment rolls at his direction. Mrs. Miller paid the taxes during the time the farm was assessed in her name.

It is true that at a subsequent time Parry had the farm assessed in his own name and paid taxes upon it. However, these are items of testimony which went to the jury for their consideration in determining what the rights of the respective parties were. Several disinterested witnesses testified that Parry told them he had purchased the farm for Mrs. Miller and would convey the same to her when he received his money and interest. Under the arrangement Mrs. Miller went into possession of the farm, at least this fact must be taken as established by the verdict of the jury, and has remained in the uninterrupted possession from that time to the present. This is in accordance with the testimony of both Mr. and Mrs. Miller, and is not seriously disputed by anyone. After she took possession the land was cultivated for her, outbuildings were erected, fences were built, a small orchard was planted, and other acts performed indicating ownership and adverse holding of title. During all of this time Parry made no demand for rent, nor did he do anything to bring notice to Mrs. Miller that she was in possession as a tenant and not under a parol contract to purchase. It is true that Parry paid the taxes for several years and performed other acts to indicate his ownership and assertion of title, but these acts are explained by the husband and others who testified in detail concerning the same. The testimony of the husband was to the effect that Parry, who held the legal title, agreed to make leases of the land for oil and gas purposes, and that the rentals received by him should be applied as a credit on account of the purchase price to be paid by Mrs. Miller. The jury evidently believed this testimony because they found that the purchase-price was paid in full and this conclusion could only have been reached by allowing her credit for the rentals paid under the leases. Many other items of testimony were introduced in support of the respective contentions of the parties, but for present purposes it will be unnecessary to make further reference to details.

On this branch of the case our conclusion is that under the peculiar facts disclosed by the present record, the evidence was sufficient to carry the question of a parol sale to the jury. It has been frequently held that a parol contract in respect to lands, although within the statute of frauds, will sometimes be specifically enforced, and this is especially true if the contract has been partly executed. Where one enters into possession under a parol contract to purchase land, and follows that possession by making valuable improvements thereon, cultivates the soil as his own, and performs other acts which under the law are deemed to be the indicia of ownership, there may be such part performance as to take the case out of the statute. This is the doctrine of Jamison v. Dimock, 95 Pa. 52; Schuey v. Schaeffer, 130 Pa. 16; Simmon's Est., 140 Pa. 567; Brownfield v. Brownfield, 151 Pa. 565; Piatt v. Seif, 207 Pa. 614; Fay's Est., 213 Pa. 428. Accepting as true the testimony introduced by the defendant to sustain her title, and this we are compelled to do because the jury has so found, the elements of a parol sale are present in this case, and in our opinion the evidence is sufficient to sustain the verdict. In this connection it should not be overlooked that at the very inception of her title under the parol contract to purchase, Mrs. Miller paid to Mr. Parry $2.10 per acre, and perhaps a little more, on account of the purchase-price, and that she went into possession under her own claim of title after the payment of this sum. Mr. Parry does not satisfactorily explain in any part of his testimony how this payment was to be applied, nor what disposition he made of the money thus paid to him by Mrs. Miller. In passing it may be said that there is no question of a resulting trust in this case, and anything said in the argument upon this subject may be dismissed without further discussion. Several of the assignments relate to the payment of rentals under the oil and gas leases to W. M. Parry and Jane Wood Parry, and it is strongly urged that testimony showing the payment of

rentals under the leases to these parties was improperly admitted. This testimony was offered for the purpose of proving payments by Mrs. Miller on account of the purchase-price of the farm under the parol contract. It was testified that after Mrs. Miller went into possession under her parol contract, Mr. Parry agreed to execute leases for oil and gas purposes upon the farm, and that he would apply all the bonuses and rentals received as credits on account of the balance due him by Mrs. Miller. If Mr. Parry made the agreement to thus apply the rentals and other sums received, it was clearly competent to prove these facts at the trial. It was for the jury to determine under the evidence whether the parties made such agreement, and if so, it was equally the province of the jury to ascertain the total amount of all payments so made, and this could only be done by the introduction of evidence to show what rentals were paid from time to time. As to the rentals paid Jane Wood Parry a somewhat different question arises. It appears that in 1904, W. M. Parry conveyed title to this tract of land to his daughter, Jane Wood Parry, excepting and conveying to his wife, Mary S. Parry, certain rights accruing under the oil and gas leases. These conveyances were made reciting a nominal consideration, but in fact constituted gifts to the wife and daughter. At the trial it was contended for appellee that the wife and daughter were mere volunteers with notice of the parol contract existing between Mr. Parry and Mrs. Miller, and likewise with notice of the possession of the latter under her claim of title. These questions were submitted to the jury in a careful charge by the trial judge, and we discover no reversible error in the submission. Even if the wife and daughter did not have actual knowledge of the entire situation as disclosed by the testimony, and of the possession of Mrs. Miller under her claim of title, which would be a violent presumption under all the circumstances, the evidence was sufficient to put them upon inquiry as to the rights of Mrs. Miller. If they were bound to inquire, and under the facts of this case we think they

were, they would be charged with such knowledge as that inquiry would have disclosed. All this depends upon the facts and it was for the jury to determine what the facts were. If the wife and daughter accepted the conveyances to them with knowledge that W. M. Parry was under contract to make title to Mrs. Miller, who was then in possession, and that he had also agreed to have the rentals applied on account of the purchase-price which Mrs. Miller had agreed to pay, they would simply stand in the shoes of Mr. Parry and would be bound by all the prior rights existing between the original contracting parties. This is the theory upon which the case was tried in the court below, and if the facts were sufficient to sustain it, there was no error in the application of the law. If under the agreement Parry was bound to account to Mrs. Miller for the rentals, a conveyance by him to third parties with knowledge, would not discharge his liability to account for the rentals received, and payment to his wife or daughter under these circumstances would be equivalent of payment to him.

This case was tried by very able counsel in the court below where every inch of the ground was contested. The briefs filed here show exhaustive and intelligent consideration of every point involved in the case. Nothing has been left unsaid by learned counsel, which could have been said to the advantage of either party, and in our review of the case we have had the benefit of forceful arguments and painstaking research. But notwithstanding all that has been said in the printed arguments relating to questions incidental to the main inquiry, we are of opinion that the case turns upon the single question as to whether there was sufficient evidence of a parol sale to warrant the submission of the facts to the jury. This question we have already answered in the affirmative. It will therefore be quite unnecessary to discuss in detail the numerous assignments of error. The case has been pending in the courts since 1905 and it is high time for the litigation to end.

Judgment affirmed.