# Leap v. Leahey, Appellant.

*Equity—Jurisdiction—Mines and mining—Coal lease—Injunction.*

Where a bill in equity is filed by a lessee of coal to restrain the defendants who claimed title under the plaintiff's lessor, from mining coal and cutting off the air supply and for an accounting, and the defendants admit the validity of the lease and of the right to the air supply, but deny that the description in the lease covered the coal which they were operating, the court has the right to construe the lease, and determine its effect without requiring the plaintiff to resort to a remedy at law.

In such a case where it appears that the plaintiff was in possession under the lease, operated the mine and paid royalties on coal mined from the disputed land to one of the defendants, the defendants cannot claim that the description in the lease was insufficient to satisfy the statute of frauds. The statute does not apply to executed contracts.

Where a coal lease grants the right to mine "all" the coal upon a royalty basis, for a consideration, it constitutes a sale of the coal in place.

Submitted April 16, 1917. Appeal, No. 123, April T., 1917, by defendant from decree of C. P. Cambria Co., Sept. T., 1913, No. 1, on bill in equity in case of John Leap v. John Leahey et al. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Bill in equity for an injunction and an accounting.

From the record it appeared that on April 10, 1900, Daniel Laughman and others who were the owners of certain lands in Washington Township executed an agreement in writing to John W. Mentzer which was in part as follows:

"Whereas, the parties of the first part own as tenants in common in fee simple absolute, a certain tract of land known as the Dysart and Laughman Tract, situated in

the Township of Washington, County of Cambria, and State of Pennsylvania.

"Now this indenture witnesseth that the parties of the first part for and in consideration of the sum of one dollar, to each of them in hand paid by the party of the second part at the time of the execution hereof, the receipt of which is hereby acknowledged, have leased unto the party of the second part and his heirs and assigns all of the coal in what is known as the "Lemon Seam" on, in, or under the said tract of land, also the right to use all of the timber growing or that may grow on said tract of land, for mining or quarrying operations; also right of way over, under or through said tract of land for the purpose of getting at other lands and conveying coal and other substances therefrom."

The agreement provided for certain royalties.

By sundry assignments and transfers, the rights of Mentzer under the agreement became vested in John A. Leap, the plaintiff, and by deed from the successors in title of Daniel Laughman, and others, the title to their lands in Washington Township, subject to whatever rights were held therein by Mentzer or his successors, became vested in John Leahey and Thomas Leahey, two of the defendants.

A summary of the pleadings and of the facts as found by the court below, is set forth in the opinion of the Superior Court. The court entered a decree in favor of the plaintiff.

*Error assigned* was the decree of the court.

*R. Edgar Leahey, M. D. Kittell* and *Philip N. Shettig,* for appellant.—Equity is without jurisdiction to entertain a trespass upon mining rights; the disputed legal title must first be settled at law: North Penna. Coal Co. v. Snowden, 42 Pa. 488; Grubb's App., 90 Pa. 228; Long's App., 92 Pa. 171; Duncan v. Hollidaysburg & Gap Iron Works, 136 Pa. 478; Saunders v. Racquet

Club, 170 Pa. 265; North Shore Railroad Co. v. Penna. Co., 193 Pa. 641; Penna. Coal & Coke Co. v. Jones, 30 Pa. Superior Ct. 358.

To take a contract out of the Statute of Frauds, it is necessary that it should contain a description of the land sold. If the subject-matter be described, parol evidence is admissible to apply the description to the land; but it cannot be admitted, first, to describe the land sold, and then to complete the description: Ferguson v. Staver, 33 Pa. 411; Mellon v. Davison, 123 Pa. 298; Conrad v. O'Brien, 1 Pa. Superior Ct. 104.

*Leech & Leech* and *Harvey Roland,* for appellee.—The court had jurisdiction: Funk v. Haldeman, 53 Pa. 229; Alden's App., 93 Pa. 182; Duffield v. Hue, 136 Pa. 602; Jennings Bros. & Co. v. Beale, 158 Pa. 283; Wilson v. Cather, 214 Pa. 3; Walters v. McElroy, 151 Pa. 549.

The lease was not within the statute: Pugh v. Good, 3 W. S. 56; Moore v. Small, 19 Pa. 461; Jamison v. Dimock, 95 Pa. 52.

The lease was a sale of the coal in place: Montooth v. Gamble, 123 Pa. 240; Kingsley v. Hillside Coal & Iron Co., 144 Pa. 613; Plummer v. Coal & Iron Co. et al., 160 Pa. 483; Finnegan v. Penna. Trust Co., 5 Pa. Superior Ct. 124.

OPINION BY WILLIAMS, J., July 13, 1917:

Plaintiff filed a bill in equity averring that he was the "lessee and owner of all the coal in what is known as the 'Lemon Seam,' on, in and under a certain tract of land situate in Washington Township, Cambria County, Pennsylvania, known as the 'Dysart and Laughman tract,'......as leased by Daniel Laughman and others to John W. Mentzer, by written agreement dated April 10, 1900"; that defendants had begun removing coal covered by the lease in 1910 without the consent of the plaintiff; that in the course of this unlawful mining they had "cut off the air course or airway which plaintiff constructed

and provided to supply air to his workings, and......
are maintaining an air door which completely cuts off the
supply of air to plaintiff's mines......and prevents
plaintiff from properly operating the same, and at times
causes the miners to withdraw from their work"; and
that large quantities of coal had been converted by de-
fendants. The relief asked for was that defendants be
restrained from mining the coal and cutting off the air
supply, and that they be required to account for the coal
converted.

Plaintiff leased "all the coal in what is known as the
'Lemon Seam' on, in and under the said tract of land,"
also the right to use all of the timber growing or that may
grow on said tract of land, for mining and quarrying;
also right of way over, under or through said tract of
land for the purpose of getting at other lands and con-
veying coal and other substances therefrom." The de-
scription of the land embodied in the lease is as follows:
"......a certain tract of land known as the Dysart and
Laughman Tract, situated in the Township of Washing-
ton, County of Cambria and State of Pennsylvania."

The defendants, after admitting the lease, denied that
the description covered the portion in which they were
operating; that their mining was illegal; that the lease
gave plaintiff the exclusive right to mine the coal in the
Lemon Seam on the said tract; and that they had cut
off the air supply. They averred that they had improved
the air supply; that plaintiff had not diligently mined
the coal and had an adequate remedy at law, and prayed
that the bill be dismissed.

The court found that the rights under the lease were
vested in the plaintiff; that the surface rights were
vested in two of the defendants; that they had mined and
removed 7,428 gross tons of coal from the tract; that
plaintiff was still removing coal from the other end of
the tract, and needed the air circulating through the old
workings; that defendants in mining had interfered with
the free circulation of air by maintaining an air door,

and that this would cause irreparable injury to the plaintiff. The court held that the lease gave lessee the exclusive right to mine all the coal and that defendants' trespasses should be restrained by injunction, and ordered defendant, John Leahey, to pay to plaintiffs, seven cents a ton damages for the coal illegally removed. From that decree the present appeal has been made.

1. Appellants contend that, as the determination of the case depended upon the construction of a lease, equity had no jurisdiction; that when the right to real estate is in dispute, title must first be determined by a court of law before the trespass could be restrained.

The bill was to restrain defendants from interfering with plaintiff's air supply, the right of passage of which through the old workings not being denied by defendants and being one of the things granted in the lease. The court had power to grant relief under the circumstances: Keppel v. Lehigh Coal and Nav. Co., 200 Pa. 649. The lease was admitted as a valid instrument and the amount of the grant only was in dispute. The court had the right to construe the lease and determine its effect: Jennings Bros. & Co. v. Beale, 158 Pa. 283.

2. Was the description sufficient to satisfy the statute of frauds?

The cases cited by the appellant might be applicable had it not been for the fact that plaintiff entered into possession under the lease, operated the mine and paid royalties on coal mined from the disputed land to one of the defendants. The statute does not apply to executed contracts: Parry v. Miller, 247 Pa. 45.

3. Is the lease a mere license without more force than a permission to mine coal?

Ordinarily the granting of the right to remove all the coal under a tract of land is construed as a sale of the coal in place: Kingsley v. Hillside Coal & Iron Co., 144 Pa. 613; Finnegan v. The Pennsylvania Trust Co., 5 Pa. Superior Ct. 124. The lease granted a perpetual right of way, and the right to mine "all" the coal upon a royalty

basis, for a consideration, and we think it was a sale of the coal in place.

The decree is affirmed.    Costs to be paid by the appellants.