## Brussell *v.* Maimon et al., Appellants.

Argued September 28, 1933.

Before KEL-
LER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and
JAMES, JJ.

*Edwin Fischer,* for appellants.

*Benjamin Sork* of *Blumberg & Sork,* for appellee.

OPINION BY BALDRIGE, J., December 16, 1933:
This action in assumpsit resulted in a verdict in the
court below for plaintiff. Defendant appealed.

The facts of the transaction, from the plaintiff's standpoint which on this appeal we must accept as true, the verdict being in his favor, may be briefly stated as follows:

During December, 1929, Jacob Maimon, a member of the defendant firm, came to plaintiff's place of business in Philadelphia at different times, with various employees, and finally selected certain machines for the partnership, for which he agreed to pay the sum of $1,475. He informed the plaintiff of a strike in their plant at Philadelphia and requested that the machines be delivered to their factory in Skippack, where Mr. Hauck was the foreman, and to follow his instructions respecting the installation. The machines were shortly thereafter shipped to the Skippack plant, and the plaintiff, with three helpers, worked four days setting them up. The defendant promised to pay the plaintiff "in 30 days after I gave him the job. Two weeks after ...... I asked him how things was running and he said 'Fine.'" The defendant sent certain cloth to this factory, where it was made up into men's clothing and returned to the defendant's plant in Philadelphia for sale to the trade.

The defense set up was that the machinery was ordered by Hauck and delivered to his factory at Skippack, and that the defendant had never received the machinery.

The sole legal question involved is whether there can be a recovery under the Sales Act of May 9, 1915, P. L. 543, §4, as amended by the Act of April 27, 1925, P. L. 310, No. 174, §2 (69 PS §42), which provides:

"First. A contract to sell or a sale of any goods or choses in action of the value of five hundred dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind

the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf.

* * * * * * *

"Third. There is an acceptance of goods within the meaning of this section when the buyer, either before or after delivery of the goods, or any part thereof, expresses by words or conduct his assent to becoming the owner of those specific goods."

The machines were in excess of the value of $500; no earnest money or part payment was made; nor was a note or memorandum signed. The right of recovery therefore, depends on whether or not the buyer actually (1) accepted and (2) received these machines. These two distinct acts are necessary to take the case out of the statute: Dolan Mercantile Co. v. Marcus et al., 276 Pa. 404, 120 A. 396; Vitro Mfg. Co. v. Standard Chemical Co., 291 Pa. 85, 139 A. 615; Northwestern Consol. Milling Co. v. Rosenberg, 287 F. 785 (U. S. C. C. A. 1923); Clegg & Clegg v. Lees & Lees, 82 Pa. Superior Ct. 584.

(1) The plaintiff's evidence clearly justified the finding by the jury that the machines were delivered to the person and place designated by the purchaser. It makes no difference that it was Hauck who actually received the machines, if he was properly authorized to do so, and that the place of delivery was the factory at Skippack instead of defendant's plant in Philadelphia.

(2) The possession of the machines by the defendant for a period of a year and a half prior to the time the action was brought, its continued exercise of ownership by use, the expression of Mr. Maimon of satisfac-

tion in the way the machines operated, and his agreeing to pay for them, were sufficient proof of acceptance.

No adequate reason is advanced to disturb the verdict. Judgment is affirmed.