Edwards v. Glaske, Appellant.

Argued April 12, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent).

*John H. Stewart*, with him *Donald S. Mervine* and *Alexander, Clark & Stewart*, for appellant.

*Sidney D. Blackman*, with him *Sidney W. Blackman* and *Blackman & Blackman*, for appellee.

OPINION BY FINE, J., July 15, 1949:

J. W. Edwards, appellee, instituted this action in replevin against Arthur H. Glaske, appellant, for the return of cut timber. Appellant filed a counterbond to retain the logs and after trial the jury rendered a verdict in the amount of $425.00 for appellee. Appellant's motions for judgment n. o. v. and for a new trial were

110

dismissed by the court en banc, and this appeal followed.

Since appellee obtained the verdict, he is entitled, upon review, to have the testimony viewed in a light most favorable to him, resolving any conflicts in the testimony in his favor, and according him the benefit of every inference of fact reasonably deducible therefrom. *Scholl v. Philadelphia Suburban Transportation Co.*, 356 Pa. 217, 51 A. 2d 732. So considered, the testimony warrants this summary of the facts. Oscar N. Donaldson, on April 8, 1944, was the owner of a tract of land known as Macks Corners in Elk Township, Warren County. On that date, Donaldson and Edwards entered into an oral contract whereby the latter purchased from the former standing timber for $225.00,— paid in full. No specified period of time was then designated within which appellee was to cut and remove the standing timber. On May 19, 1944, approximately a month later, Donaldson conveyed the land to Anthony Peterson by a deed containing the following reservation: "RESERVING to the grantors all timber on said premises, with the right to remove same within six months from the date thereof; any timber not so removed within such period to thereupon belong to the grantee." Shortly after Donaldson had sold this tract, he advised Edwards of the conveyance and reservation and told Edwards that he would have to cut and remove the timber within six months from May 19, 1944, to which he agreed. On April 20, 1945, Peterson sold the entire tract to appellant who admittedly had notice of the reservation clause. Thereafter, but sometime in the spring of 1945, appellee went upon the premises to haul away the remaining logs, which had been cut and stored with others on the pasture land prior to the expiration of the six months reservation period. He was prevented from so doing by appellant who claimed title to them. Appellee testified, and it is uncontradicted, that all of the logs for which this

replevin action was instituted had been cut and segregated prior to November 11, 1944, within the reservation period; that appellee had hauled some of the logs to his mill but that inclement weather interrupted further removal. Other logs were cut after that period but the present replevin action does not encompass them. There was ample evidence upon which the jury could find, as it did, for the appellee.

Appellant's principal contention that the oral contract was within the statute of frauds (Act of 1772, 1 Sm. L. 389, §1, 33 PS §1) and was therefore unenforceable is without merit. Ordinarily a contract for the sale of standing timber to be cut and removed, indefinite as to the time for the cutting and the removal, and clothing the purchaser with discretion as to the time of removal, is a sale of an interest in land within the meaning of the statute of frauds: *Havens v. Pearson*, 334 Pa. 570, 572, 6 A. 2d 84; *Yeakle v. Jacob*, 33 Pa. 376; *Huff v. McCauley*, 53 Pa. 206, 210; *Pattison's Appeal*, 61 Pa. 294; *Bowers v. Bowers*, 95 Pa. 477; *Miller v. Zufall*, 113 Pa. 317, 6 A. 350. Originally in the instant case, there was no time set for removal by appellee and concededly at that time the statute of frauds would have rendered the oral contract unenforceable. Appellant, however, overlooks other salutary principles of law applicable to the circumstances clearly disclosed by this record. Where, as here, an oral contract for the sale of an interest in land has been fully executed the applicability of the statute of frauds disappears. Admittedly, the statute of frauds does not apply to fully executed contracts: *Parry v. Miller*, 247 Pa. 45, 93 A. 30; *Lundberg v. Bovaird*, 103 Pa. Superior Ct. 45, 157 A. 807.

The question is: Does the evidence support the verdict of the jury that the contract was fully executed? We are satisfied it is amply sufficient to warrant such a finding; the statute of frauds is therefore inapplicable.

The court below did not err in submitting this question for the jury's determination upon instructions to which no specific exceptions were taken.

Briefly summarized, the testimony indicates that after the logs had been felled, appellee manifested his intention to reduce them to possession in every way possible. He "skidded" the logs out of the forest, stored them on pasture land adjacent to the road, and thereby took possession by openly segregating them and hauling some to his logging mill. The removal of all logs was interrupted only by the onset of inclement weather. The contract having been fully executed, title to the logs vested in appellee and the statute of frauds passes out of the case. This contract was so far executed that it would be unjust and inequitable to rescind it; to do so would utilize the statute as an instrument of fraud.

Appellant contends further that though the contract is fully executed and the statute of frauds does not apply, such contract is not binding on appellant for the reason that he was "a stranger to the contract." The frailty of appellant's position is immediately apparent for he admittedly had notice of the deed reservations and took title to the realty subject thereto.

The statute of frauds does not apply where, as here, an immediate severance of the timber was contemplated and the intention of the parties and their conduct pursuant to the oral contract indicated the sale of the timber as personalty. That such was their intention is clearly revealed by the testimony. The original oral contract was modified, i. e., limiting the time of performance, by an agreement requiring removal within the six months period. The oral modification had been acted upon and fully executed; hence there is no issue present: *Brown v. Aiken*, 329 Pa. 566, 198 A. 441. Cf. 49 Am. Jur., Statute of Frauds, §306; *Novice v. Alter*, 291 Pa. 64, 139 A. 590.

In *Strouse v. Berger,* 220 Pa. 367, 369, 69 A. 818, it was held that: "The timber is to be regarded as personal property and not as an interest in land because of the intention of the parties to the agreement that the cutting of it should commence at once and be completed within a reasonable time. The rule on the subject stated in McClintock's Appeal, 71 Pa. 365, and followed in the recent case of Robbins v. Farwell, 193 Pa. 37, is that whether growing timber is to be regarded as personal property or as an interest in real estate in an agreement for its reservation or sale depends on the nature of the contract and the intent of the parties; that if the agreement does not contemplate the immediate severance of the timber, it is a contract for the sale or reservation of an interest in land; but that where the agreement is made with a view of an immediate severance, the timber is to be regarded as personal property." In *Havens v. Pearson,* supra, the Court said, page 573: "It has been stated in many of our cases that the contract to be a sale of personalty must intend an 'immediate severance': . . . Thus in Robbins v. Farwell, 193 Pa. 37, six to seven years were consumed in the cutting of the timber and yet the contract was held to be a sale of personal property. And, in Patterson et al. v. Graham et al., 164 Pa. 234, the Court held that the particular contract was for a sale of personalty and that, considering the conduct of the parties, five years was a reasonable time for the removal of the trees." *Johnson v. Bumpus,* 34 Pa. Superior Ct. 637. Cf. *Erskine v. Savage,* 96 Me. 57, 51 A. 242. In *Mahan v. Clark,* 219 Pa. 229, 68 A. 667, at page 234, it was held: "It cannot be seriously controverted that the ties, telephone poles and saw logs were personal property, made so by the severance of the trees from the land and the manufacture of the same into these products."

One further complaint raised by appellant's assignments of error may be mentioned briefly, i. e., that the

court erred in dismissing appellant's motion for compulsory nonsuit since appellee's *probata* materially varied from his *allegata*. Appellant complains that the oral contract pleaded by appellee provided no specific time for removal and that testimony of a modified contract contemplating actual immediate severance was improper. Appellant's contentions are without merit. The appellant failed to properly note his objections on the record in moving for nonsuit or at any other time. Moreover, the alleged variance, if any, was fully supplemented by appellant's own testimony; he chanced a favorable verdict and cannot now be heard to complain because it was adverse.

A careful review of the entire record clearly reveals that the factual questions were properly submitted to the jury and that there is ample competent and credible evidence to support the verdict.

Judgment affirmed.