## Double R. Enterprises v. Sappie

*Marvin A. Luxenberg*, for plaintiff.
*William H. Houser*, for defendant.

PER CURIAM, November 30, 1978—Defendant,

Paul Sappie, has filed a motion for judgment n.o.v. after a jury awarded plaintiff a verdict of $15,000 on March 29, 1978. The award was made for breach of an oral contract under which defendants purchased plastic milk cartons from plaintiff. The basis for the present motion is the claim that the contract is unenforceable because it violates the applicable Statute of Frauds of the Uniform Commercial Code of April 6, 1953, P.L. 3, as amended, 12A P.S. §2-201. Plaintiff counters this assertion by contending that the statute was satisfied by the receipt and acceptance of the goods. See 12A P.S. §2-301(3)(c). Defendant Sappie responds to this by stating that although the milk cartons may have been received and accepted, they were not received and accepted by him.

The disputed issue is thus whether or not the milk cartons were accepted under circumstances that will satisfy the exception to the Statute of Frauds found in section 2-201(3)(c) of the Uniform Commercial Code, 12A P.S. §2-201(3)(c). This issue is obviously a question of fact for the jury and not a matter of law. See Edwards v. Glaske, 165 Pa. Superior Ct. 108, 67 A. 2d 798 (1949). The jury, by its verdict, resolved this issue against defendant Sappie, at least to the extent of $15,000. The question now to be decided is whether sufficient evidence was produced to support the jury's finding that there was an acceptance of the goods, thus taking the oral agreement out of the operation of the statute.

The evidence unquestionably shows that the milk cartons were delivered to and accepted by a dairy at 1905 Riverview, McKeesport, Pa. Defendant contends, however, that this acceptance does not effectively remove the contract in question

from the Statute of Frauds because there was no evidence that the cartons were delivered to defendant Paul Sappie or Paul Sappie t/d/b/a Menzie-Beverly Farms.

This argument is without merit since acceptance need not be made directly by Paul Sappie. As the Superior Court stated in Brussell v. Maimon, 111 Pa. Superior Ct. 54, 169 Atl. 242 (1933), for acceptance to take a contract outside of the Statute of Frauds it makes no difference who actually received the goods so long as the third party was properly authorized to receive them. The same position was taken by a California court when interpreting the Statute of Frauds under the Uniform Commercial Code. There, the court ruled that as to goods received and accepted by a third party at the direction of a broker, the broker's oral agreement to purchase said goods and to personally pay the purchase price came within the exception to the code Statute of Frauds, section 2-201(3)(c): Dairyman's Cooperative Creamery Assoc. v. Leipold, 34 Cal. App. 3d 184, 109 Cal.Rptr. 753 (1973). Thus, it is not critical that the milk cartons were not directly accepted by defendant Sappie. Rather, the evidence must show that the cartons were accepted by the dairy in McKeesport under authority from defendant Sappie.

Authority from Paul Sappie for the acceptance of the cartons was shown by the testimony of Roger Panella and the presentation of invoices and bills of lading from Double R. Enterprises. Mr. Panella, the owner of Double R. Enterprises, testified that the cartons were delivered to the Menzie Dairy plant pursuant to the oral contract with Mr. Sappie. This testimony is reinforced by the physical evidence which includes many invoices showing sales of

milk cartons to Menzie-Beverly Farms, defendant's business entity, with attached bills of lading directing delivery to Menzie Dairy in McKeesport, Pennsylvania. This evidence is a sufficient showing of authority for acceptance to take the agreement in question out of Statute of Frauds. The jury's verdict is therefore supported by the evidence and defendants' motion for judgment n.o.v. is dismissed.