## Baker v. Peters

*Basil Freeman*, for plaintiff.
*John B. Leete*, for defendant.

FINK, *P.J.*, January 25, 1980—Plaintiff filed a complaint in equity seeking specific performance of a written agreement signed by plaintiff as a lumberman and defendant as the owner of a large wooded lot. Defendant filed preliminary objections to plaintiff's complaint which, in effect, demurred on three counts: first, the Statute of Frauds; second, failure to state a claim; and third, adequate remedy at law. The agreement on which plaintiff stakes his cause of action is a holographic agreement dated October 13, 1976.

The first issue raised by plaintiff's preliminary objections is based upon the proposition that in order to obtain specific performance of any contract which relates to land, the land must be sufficiently described in the pleadings so that it could be located by a surveyor and so that defendant is placed on notice of the precise land in question. Defendant contends that the allusion to the subject acreage in the timber sales agreement on which plaintiff's cause of action is based does not meet the legal test and would by necessity, therefore, need other evidence to sufficiently specify the land assuming it could be done at all. Defendant, therefore, concludes that because the Statute of Frauds precludes the admissibility of any additional evidence to sufficiently describe the land in question and that because it is necessary in order to sustain a cause of action for specific performance on the contract which refers to the acreage, the cause of action must fall as a matter of law.

With this we do not agree. Defendant cites the ancient case of Mellon v. Davison, 123 Pa. 298, 16

Atl. 431 (1889), for the proposition that where a writing lacks an essential element in terms of describing the subject land, the Statute of Frauds declares the purported writing void; or stated another way, he relies upon the lower court case of Adams v. Strine, 48 Northumb. 13 (1975), wherein the proposition is stated that to take a contract out of the operation of the Statute of Frauds, the evidence must define the boundaries, the quantity of land, and the amount of consideration. Plaintiff, on the other hand, relies, inter alia, on the case of Suchan v. Swope, 357 Pa. 16, 53 A. 2d 116 (1947), wherein the court held that parol evidence was allowed for the purpose of identifying the property referred to in the writing as "my farm;" the Suchan court noted that defendant only owned one farm and parol evidence was admissible to prove that.

Such is the instant case. The allusion to the property in question is "approximately 193 acres on and around the area known as County Line Hollow, Cameron County, Pennsylvania." It is possible that defendant only owns 193 acres in the entire area. If so, the court at time of hearing or trial would allow the admissibility of the deed itself into evidence to precisely describe the 193 acres which is the subject matter of this lawsuit.

Accordingly, we feel that the objection raised at the preliminary stage should be overruled; however, if it should come to pass that defendant owns more than 193 acres in the "County Line Hollow" area and other allowable evidence could not specify the precise 193 acres here involved, at that time this court would grant an appropriate motion made by defendant to dismiss. Like the Suchan case, assuming the subject property was referred to as "my farm" and if plaintiff's complaint were based on such a contract and defendant filed a preliminary objection in the nature of a demurrer as here be-

cause the subject property was insufficiently defined, the court should overrule the demurrer. (The Statute of Frauds was not raised as a defense in the Suchan case but dictum of court indicated the same holding would have been forthcoming nonetheless.) We recognize that the court could properly request testimony be submitted on this particular point at the hearing on the preliminary objections but we believe it is within the sound discretion of the court as opposed to dismissing the preliminary objections and again allowing the issue to be raised at time of trial.

For the above reasons, the demurrer as to the Statute of Frauds is hereby dismissed.

The second basis for a demurrer is stated by defendant as "failure to state claim," however, defendant's paragraph 5 (the paragraph alluding to the failure to state a claim) bases this argument solely upon the assertion that the agreement does not state a time for performance and, therefore, gave rise to no cause of action.

With this we disagree. It is clear that the terms of a written agreement as to the time for performance may be inferred from the remainder of the document or, in the alternative, it shall be determined to be a "reasonable time." Testimony as to what is or is not a reasonable time under the circumstances would be received into evidence notwithstanding the Statute of Frauds or parol evidence rule: Rossmassler v. Spielberger, 270 Pa. 30, 112 Atl. 876 (1921). It is true that the timber sales agreement in the instant case has no provisions in regard to time for performance, but for the reason herein stated, the demurrer for failure to state a claim is dismissed.

The third reason for the demurrer is that the complaint failed to allege that there was no

adequate remedy at law available to plaintiff. At argument, defense counsel indicated a willingness to have this argument die a natural death without further consideration in view of counsel's objections that growing timber was real estate and real estate, under the law, was unique and, accordingly, by definition there would be no cause of action at law to give full and complete recourse to plaintiff.

Notwithstanding defendant's willingness to have this issue overlooked, it is the belief of this court it cannot be overlooked and, indeed, is the best argument available to defendant for a dismissal of plaintiff's complaint. It is true that trees in place are part of the realty and, therefore, if the subject matter of a contract were "trees in place" without anticipation of severance and/or removal, we would conclude that the contract concerned real estate. However, where the contract is for the sale of timber with the clear intent to sever the stems from the stumps and remove them from the premises, we consider this a contract involving personalty for the purpose of determining whether or not there is an adequate remedy at law. The court in the case of Edwards v. Glaske, 165 Pa. Superior Ct. 108, 67 A. 2d 798 (1949), distinguishes between contracts involving the sale of timber for immediate severance (personalty) as opposed to contracts for the sale of timber that do not anticipate prompt severance (realty).

In either event, this court is convinced that, at least for purposes of determining whether or not there is an adequate remedy at law, the contract in the instant case is for the sale of personalty and this being so, it becomes clear that the damages to which plaintiff could be entitled would be based upon the value of what could be cut under the terms

of the contract and is still situate on the subject property, less the cost of obtaining same, and less the amount to be paid to defendant therefor, viz., plaintiff would have a cause of action for loss of net profit. This cause of action can clearly be set forth in an action at law.

Plaintiff argues that only in equity could he go upon the property to determine the number of trees which would be the subject matter of an action at law. This is not true. There are procedures which he can employ preliminary to drafting a complaint at law which would allow him to go upon the property for the purpose of establishing the trees involved.

Plaintiff further argues that equity abhors multiplicity of suits. This is true. However, we feel that both the law and equity embrace justice and justice can best be served if plaintiff pursues his remedy at law which will be most adequate if successful.

Accordingly, the following

### ORDER

And now, January 25, 1980, defendant's demurrer based upon an adequate remedy at law is sustained and, accordingly, plaintiff's complaint is dismissed.